**UNITED STATES of America**

v.

**ONE 1951 OLDSMOBILE SEDAN, Motor No. 8C198069, Serial No. 518W9179, Registered to Mrs. Willie P. Carter, and lately possessed by Melvin Carter.**

**No. 30 of 1953.**

United States District Court
E. D. Pennsylvania.

July 13, 1955.

W. Wilson White, U. S. Atty., Eugene J. Bradley, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Ivan Michaelson Czap, Philadelphia, Pa., for claimant.

KIRKPATRICK, Chief Judge.

In the second proviso of the Act of Congress relating to seizure and forfeiture of vehicles used for illegal purposes, Congress exempted vehicles so used "while such * * * vehicle * * was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State." 49 U.S.C.A. § 782. It would be hard to imagine how Congress could have made it plainer that in order to relieve an innocent owner of a car from forfeiture, it is essential that the user must not only be in possession of it unlawfully but must have *acquired* possession by a criminal act.

In the present case, the claimant was entirely innocent and without knowledge of the use to which her car would be put. She gave permission to her son (whom she did not know to be an addict) to take it out, with the understanding that he would bring it back the same evening. He did not bring it back. Knowing where he was, she telephoned to him the following morning and told him to return it. As he was driving it to her home, having a package of heroin in his pocket, he met another man who persuaded him to drive to another destination, where the car was stopped by the police and he was arrested. His deviation from his direct route to his mother's home was undoubtedly without authorization and contrary to instructions. He acquired his possession in the first place, however, with the consent of his mother the evening before and, then, when he failed to return it, again at the direction (and, of course, with the consent) of his mother to drive it home. The fact that he deviated from her orders did not make his original acquisition of possession of the car or his taking it for the purpose of driving it home, in violation of any criminal law.

Judgment of forfeiture may be entered.