UNITED STATES of America

v.

ONE 1955 FORD CONVERTIBLE, Serial No. U5NC 146855, Registered to Mrs. Mary Bonavitacola, 1105 E. Passyunk Avenue, Philadelphia, Pennsylvania, and lately possessed by John Bonavitacola, 1105 E. Passyunk Avenue, Philadelphia, Pennsylvania.

No. 92 of 1955.

United States District Court
E. D. Pennsylvania.
Jan. 10, 1956.

Alan J. Swotes, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Joseph Matusow, Irving Marks, Philadelphia, Pa., for claimant, Mary Bonavitacola.

VAN DUSEN, District Judge.

This suit was instituted through the filing of a libel by the United States of America for the forfeiture of a certain 1955 Ford Convertible under the provisions of 49 U.S.C.A. §§ 781 and 782. Mary Bonavitacola, the registered owner of the car,[1] and the Broad Street Trust Company, the holder of a security interest,[2] have both filed claims. The trial was held on December 20, 1955. John Bonavitacola, son of Mary Bonavitacola, was in court with his mother throughout the entire trial, but did not take the stand to refute the testimony of the two Philadelphia police officers who testified for the Government. There was no evidence of any sort offered by the claimant as to the circumstances of the arrest.

Specific Findings of Fact[3]

1. · On September 26, 1955, on or about 2:30 P. M., police officers of the City of Philadelphia arrested John Bonavitacola at the intersection of Broad and Morris Streets, Philadelphia, Pa.

2. Directly prior to the arrest, said Bonavitacola was observed by the officers while he was backing a certain yellow 1955 Ford Convertible, Serial No. U5NC 146855 (owned by Mary Bonavitacola), into a parking space at the east curb of Broad Street. The vehicle and driver were under constant surveillance by the officers from the time that the automobile was moved into the parking space until the time of the arrest, during which time Bonavitacola did not leave the automobile.

3. As soon as the automobile was parked, the officers approached this vehicle and when Bonavitacola saw them, he attempted to get out of the car. Being unable to do so, since the officers guard-

---

1. The legal background of this proceeding is explained in greater detail in the trial judge's opinion dated 11/4/55 in Bonavitacola v. United States of America, D.C., 135 F.Supp. 488. As pointed out in that opinion, Chief Judge Kirkpatrick has recently held that an innocent mother has no defense to an action such as this by showing that her child is using her car without her authority or her knowledge that he is a user of narcotics. United States of America v. One 1951 Oldsmobile Sedan, D.C., 135 F. Supp. 873.

2. The Broad Street Trust Company loaned Mary Bonavitacola $1,622.75 on April 28, 1955, at which time she executed a Security Agreement (attached to the answer or claim of that company filed 12/7/55). Under the terms of this agreement, she assigned all her right, title and interest in and to the above-mentioned Ford car as security for the loan. The agreement provides for 23 monthly payments of $67.61 and a final monthly instalment of $67.72. The monthly instalment due on the 28th days of May, June, July, August, September, October and November 1955 have been paid when due. This bank had made five previous loans to Mary Bonavitacola which she had paid off in accordance with the terms of the loans. She is considered by this bank as an excellent credit risk. They had no information whatsoever indicating that any contraband might be used in the car.

3. These findings of fact are made in the light of the provisions of 19 U.S.C.A. § 1615 (made applicable to this proceeding by 49 U.S.C.A. § 784—see footnote 3 of Bonavitacola v. United States of America, op. cit. footnote 1) placing on the claimants the burden of proof since the evidence establishes probable cause for filing of the libel. See United States v. One 1949 Pontiac Sedan, 7 Cir., 1952, 194 F.2d 756, 758–759, certiorari denied sub nom. Moses v. United States, 1952, 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363, and cases there cited.

ed the doors, he threw from this vehicle a certain Winston match book cover, which contained a white powder wrapped in silver foil. This package was retrieved by the officers, taken to the City Chemist, and, upon analysis, the powder was found to contain 1.7 grains of heroin (heroin hydrochloride). Such heroin is a narcotic drug.

4. Neither the match book cover, the silver foil or any part of the package described in paragraph 3 above contained Internal Revenue Stamps, representing payment of the federal tax imposed upon narcotic drugs.

5. Since John Bonavitacola was in the vehicle from the time the officers saw him moving it into the parking place until the package was thrown from it, the heroin described in paragraph 3 above was concealed, transported, and possessed in the above-mentioned 1955 Ford Convertible.

6. There may be in the Philadelphia area at this time heroin which was imported in this country prior to 1925 which could be legally sold if the appropriate Revenue Stamps were affixed to the package and the other legal requirements appropriate to the particular sale (for example, a doctor's prescription) were met. The amount of narcotics in the above-mentioned powder constituted only one dose.[4]

### Conclusions of Law

1. The package containing 1.7 grains of heroin is a contraband article within the meaning of 49 U.S.C.A. § 781(b) (1), since it contains a narcotic drug which was acquired and possessed in violation of 26 U.S.C.A. §§ 4701 and 4704 and 21 U.S.C.A. § 174.

2. The vehicle in question, having been used in the transportation, concealment and possession of the said contraband article, is subject to seizure and forfeiture in accordance with 49 U.S.C.A. § 782.

3. Under the provisions of 19 U.S.C.A. § 1615, the burden of proof is upon the claimants once the Government has shown probable cause for the institution of the suit.[3] In the instant case, probable cause was shown and the claimants offered no evidence with reference to the circumstances of the seizure, and therefore have not sustained their burden of proof.

4. The innocence of both claimants, to wit: the owner and the lien holder, does not preclude forfeiture of the vehicle in question.

The Federal appellate courts have consistently held that proceedings for forfeiture such as this are directed against the vehicle itself and the divesting of any innocent lien holder's interest in the vehicle is not unconstitutional. See J. W. Goldsmith, Jr.–Grant Co. v. United States, 1921, 254 U.S. 505, 510–512, 41 S.Ct. 189, 65 L.Ed. 376; General Motors Acceptance Corp. v. United States, 1932, 286 U.S. 49, 57, 52 S.Ct. 468, 76 L.Ed. 971; United States v. Pacific Finance Corp., 2 Cir., 1940, 110 F.2d 732, 733.[5]

Judgment of forfeiture may be entered.

4. In order to preserve for the attorneys for Mary Bonavitacola and the Broad Street Trust Company their rights on an appeal, this paragraph and the contents of footnote 2 (which contains facts found to be true by the trial judge) are inserted because of the contention of these attorneys that such facts are relevant in this case. The trial judge does not believe the evidence on which these findings are based is relevant to the issues in this case.

5. There is nothing inconsistent with these cases in the following decisions relied on by counsel for the Broad Street Trust Company: United States v. One 1948 Cadillac Convertible Coupe, D.C.N.J. 1953, 115 F.Supp. 723; United States v. One 1950 Chrysler Sedan New Yorker, D.C.W.D.Pa.1954, 117 F.Supp. 222.