UNITED STATES of America,
Libelant,

v.

ONE 1960 FORD CONVERTIBLE, Serial No. OA55X169827; One 1956 Chevrolet ½-Ton Pickup Truck, Serial No. 3B56S013064; Mrs. Mary Smith, Claimant.

Civ. A. No. 1137.

United States District Court
S. D. Mississippi, E. D.
Sept. 29, 1962.

Jack McDill, Asst. U. S. Atty., Jackson, Miss., for libelant.

Howard R. Pigford, Lester F. Williamson and Thomas M. Hendricks, Jr., of Williamson, Pigford & Hendricks, Meridian, Miss., for claimant.

COX, Chief Judge.

This is a civil proceeding for the condemnation and sale of two motor vehicles under § 7301 et seq., U. S. Internal Revenue Code 1954, 26 U.S.C.A. § 7301 et seq. for its use in transporting tax unpaid liquor. The claimant sought remission of the forfeiture as an innocent owner of the vehicles. The government relied heavily for its case upon the testimony of an undercover agent of the Alcohol Tax Unit who operated under an assumed name and purchased some of this whiskey from claimant's husband. While on the stand this agent was requested to disclose the identity of his informer. The agent advised the Court that the identity of his informer was privileged and on the objection of the government, he was not required to reveal his identity. The propriety of that ruling will be presently discussed.

■ The claimant relies upon the so-called "Silver Platter" doctrine as announced in Elkins v. U. S., 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669. That was a criminal case. The substance of that decision is to the effect that evidence procured by a search or seizure in violation of the 4th and 14th Amendments to the constitution of the United States is inadmissible on timely objection. This is a civil case and does not involve any use of any evidence procured by any unlawful means.

This government undercover agent, operating under the fictitious name of "Thompson," called claimant's husband on the telephone and told him that he had come to pick up a shipment of whiskey which Smith had already agreed in Jackson to sell to a man named "Mac." Apparently "Mac" was likewise a government agent in Jackson whom Smith had visited with the view of taking his order for this shipment of moonshine whiskey. Smith had been a bootlegger in Mississippi and in Alabama for several years. Smith invited the government agent to his home where this liquor transaction was consummated.

■ It is the universal rule that the identity of persons supplying the government with information concerning the commission of crimes will never be revealed. 8 Wigmore on Evidence, § 2374. United States v. Carey, (5 C.A.) 272 F.2d 492. Significantly, the Court in that case pointed out that a libel proceeding is civil and that the rule contended for is applicable only in criminal prosecutions. The Court, therefore, adheres to its ruling on this point.

The claimant next contends that all of this testimony acquired by this undercover agent was in violation of the entrapment doctrine. This doctrine is well known in the criminal field in the Federal Court but is very doubtful of application in civil cases. 22 C.J.S. Criminal Law § 45(1), p. 137, n. 84.

■■ It is fundamental that the doctrine of entrapment does not permit an innocent person to be induced to commit a crime so as to be caught. The idea of the commission of such crime simply must not originate with the decoy, or his victim will go scot-free. Smith was not victimized on this occasion. He is clearly an old trooper in the bootlegging business and is possessed of all the wiles and impunities of that hazardous business. 15 Am.Jur. (Criminal Law), § 335, in part states: "It is no defense that a person, acting as a decoy, furnished an opportunity for the commission of the offense. Such conduct is held not to procure the offense to be committed, the theory being that the offender acts of his own volition and is simply caught in his own devices."

In Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, it is said: "It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises." Cf: Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. Chapman v. United States, (5 C.A.) 271 F.2d

593. Clearly the doctrine has no application under the facts and circumstances of this case. Smith was afforded a voluntary opportunity to dispense his wares to this undercover agent and he was simply caught in his own unlawful business. The motions of the claimant to exclude such evidence are without merit and should be overruled.

On April 18, 1962, the 1960 Ford automobile in suit hauled one gallon of tax unpaid liquor from Smith's home to a customer near Buckatunna, Mississippi. On April 27, 1962, the 1956 Chevrolet truck in suit hauled two hundred gallons of tax unpaid whiskey to the government agent's car at Smith's home. The claimant is merely a housewife without any source of income. If she owned either of these vehicles, which the Court seriously doubts on her own incredible testimony, she certainly knew of and impliedly consented, if she did not expressly consent to such use made of these vehicles on such occasion. She was a typical bootlegger's wife and possessed of all of his skills of cunning and deceit even before the Court. She claimed to have bought the truck from a dealer in Buckatunna in May 1962 after it was used for this unlawful purpose. The dealer did not appear to fortify her claim. She had a duplicate bill of sale from him which the Court cannot regard as anything but hearsay. Presumably, if this dealer had testified, his testimony would have been hurtful to her or she would have produced him.

The government has proved by a clear preponderance of the evidence that both of these vehicles were used in transporting tax unpaid moonshine whiskey in violation of the law. These vehicles became ipso facto the property of the United States by virtue of such unlawful use thereof. The claimant completely failed to establish before the Court that she was innocent of such use being made of her motor vehicles, if, indeed, she did not expressly or impliedly consent thereto. This business was carried on in and at the home of this claimant and her husband. It is a fair inference that a substantial part of their living came from this source. A harmonious relationship existed between this married couple and what was his was hers and vice versa, as she admitted.

■ The libelant is entitled to an order condemning both of said motor vehicles and ordering them advertised and sold according to law by reason of such unlawful use thereof. The claimant is not such an innocent owner of either motor vehicle as to be entitled to an order for the remission of this forfeiture. Her claim to both vehicles is without merit and must be denied. The bond of the claimant should be taxed with all costs incurred in this case including storage charges to date of sale and costs of advertising. An order to the effect stated may be presented for entry herein.