UNITED STATES of America,
Appellant,

v.

Audrey BRIDE, Claimant, et al., Appellee.

UNITED STATES of America,
Appellant,

v.

Madeline DeFALCO, Appellee.

Nos. 17649, 17710.

United States Court of Appeals
Ninth Circuit.

Oct. 1, 1962.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief,

Civil Section, Robert A. Smith, Asst. U. S. Atty., John R. Schell and Donald A. Fareed, Attorneys, Los Angeles, Cal., for appellant.

Joseph T. Forno, Los Angeles, Cal., for appellees Bride & DeFalco.

Hugo Steinmeyer, Harris B. Taylor, Samuel B. Stewart, and Robert H. Fabian, Los Angeles, Cal., for appellee Bank of America, Nat. Trust & Savings Assoc.

Before MERRILL and DUNIWAY, Circuit Judges, and HODGE, District Judge.

HODGE, District Judge.

In both cases the United States appeals from judgments entered by the District Court denying forfeiture of two automobiles, following trials on merits, on libels of information filed by the Government, claiming that the automobiles were used in bookmaking activities, in violation of 26 U.S.C.A. §§ 4411 and 4412, and are forfeit to the United States under provisions of the Internal Revenue Code, 26 U.S.C.A. § 7302.[1]

In both cases the principal point relied upon by the appellant is that the trial court erred in holding that the automobiles were not subject to forfeiture under 26 U.S.C.A. § 7302 for the reason that the registered owner did not know that the alleged bookmaker was engaged in bookmaking activity and was using the automobile for such purpose. In the DeFalco case appellant further urges that the trial court erred by not including in its Findings of Fact a finding that the alleged bookmaker was engaged in bookmaking on the date alleged in the libel and in finding that on said date the respondent motor vehicle was not used in any way by him or anyone else for the purpose of accepting wagers or to aid and abet him in the business of bookmaking.

In the Bride case the appellee Bank of America National Trust and Savings Association, as legal owner of the automobile under a conditional sales contract with the registered owner as purchaser, has presented questions of whether or not the automobile is subject to forfeiture if

1. Section 4411, Title 26 U.S.C.A. provides as follows:
"There shall be imposed a special tax of $50 per year to be paid by each person who is liable for tax under section 4401 or who is engaged in receiving wagers for or on behalf of any person so liable."
Section 4401, Title 26 U.S.C.A. provides in pertinent part as follows:
"(a) Wagers.—There shall be imposed on wagers, as defined in section 4421, an excise tax equal to 10 percent of the amount thereof. * * *
"(c) Persons liable for tax.—Each person who is engaged in the business of accepting wagers shall be liable for and shall pay the tax under this subchapter on all wagers placed with him. Each person who conducts any wagering pool or lottery shall be liable for and shall pay the tax under this subchapter on all wagers placed in such pool or lottery."
Section 4412, Title 26 U.S.C.A. provides in pertinent part as follows:
"(a) Requirement.—Each person required to pay a special tax under this subchapter shall register with the official in charge of the internal revenue district—
"(1) his name and place of residence;

"(2) if he is liable for tax under subchapter A, each place of business where the activity which makes him so liable is carried on, and the name and place of residence of each person who is engaged in receiving wagers for him or on his behalf; and
"(3) if he is engaged in receiving wagers for or on behalf of any person liable for tax under subchapter A, the name and place of residence of each such person."
Section 7302, Title 26 U.S.C.A. provides in pertinent part as follows:
"It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property. * * * The seizure and forfeiture of any property under the provisions of this section and the disposition of such property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal revenue laws."

unlawfully used for the purpose of wagering by a person who did not have consent or permission to so use the vehicle, but had wrongfully used it beyond the limited consent given by the innocent owner; and whether or not the innocence of the owner is a good defense to forfeiture for wagering under Sec. 7302.

As these cases involve different factual situations and different questions presented on appeal, except for the issue of knowledge of an innocent owner as a defense to forfeiture, they will be considered separately.

### The Audrey Bride Case

In this case the libel was filed against a 1960 Cadillac automobile, charging that it had been used by one Jerry Lisner as an aid to him in engaging in the business of wagering without filing application for a wagering permit and without paying the wagering occupational tax, in violation of 26 U.S.C.A. §§ 4411 and 4412. Appellee's answer to the libel and claim for return alleged that she was the registered owner of the automobile and had no knowledge of the reasons why it had been seized. The case came on for trial before the District Court, sitting without a jury. The undisputed facts were that Jerry Lisner had never paid the occupational tax nor registered his occupation as a wagerer as required by the statute; that he had been engaged in bookmaking, in that bettors were placing wagers with him and he was accepting them; that special agents of the Internal Revenue Service found an "owe sheet"—a record maintained by a professional bookmaker —in Lisner's apartment; that Lisner used the automobile to drive to meet his bettors and make pay-offs to them or collect money which they owed him; that his wife, appellee, was the registered owner of the automobile, and the appellee bank the legal owner. The claim of the wife that the car was purchased with her own funds received by gift, that she thought her husband was a bartender and salesman and did not know that he was engaged in bookmaking, and that while she had given him permission to use the automobile, she had never given him permission to use it in bookmaking activities, was likewise not disputed.

At the conclusion of the trial the court found in favor of the appellee, holding that the automobile was the separate property of the wife, and that

"While it is true that the evidence does show that on certain occasions he has used [the automobile], I find that she did not know of it and did not allow him to use the automobile for that purpose,"

and ordered that judgment will therefore be that plaintiff take nothing by the libel, and the Government return the automobile to appellee. This was the sole basis of the court's decision. Findings of Fact, Conclusions of Law and Judgment were entered accordingly.

### The Madeline DeFalco Case

In this case the libel charged that a 1960 Chevrolet automobile had been used by Dominick DeFalco as an aid to him in engaging in the business of wagering without filing an application for a wagering permit and without paying the occupational tax. Appellee Madeline DeFalco's answer to the libel and claim for return likewise alleged that she was the registered owner of the automobile and had no knowledge of the reasons why it was seized. The case came on for trial before the District Court, sitting without a jury.

It was proven at the trial that Dominick DeFalco had not paid a wagering occupational tax nor registered as a wagerer with the Internal Revenue; and that he had been convicted, subsequent to his arrest at the time of seizure of the automobile, in the State Superior Court, of bookmaking, in violation of the California Penal Code. However, the only proof adduced as to the use by him of the Chevrolet automobile for such purpose was that the residence occupied by the DeFalcos, husband and wife, had been kept under surveillance by deputy sheriffs of Los Angeles County, who had seen DeFalco leave the house and return to it in the automobile, park it in the garage, and enter the house; that upon entering

the premises they found bookmaking paraphernalia in the possession of DeFalco in a rear bedroom; that the automobile was searched with DeFalco's permission, and that on the floor mat at the edge of the front seat on the driver's side the officers found a torn betting marker, in the trunk a package of football quiz cards, used by professional bookmakers in wagering on football games, and on the floor mat a National Daily Reporter; and that his handwriting on an exemplar card was the same as on the betting markers found in the house and the material found in the automobile. There was also proof that the automobile had been sold to Dominick and Madeline DeFalco under conditional sales contract financed by the Bank of America, but that Madeline DeFalco was the registered owner, who testified that she had no knowledge of her husband's bookmaking activities, that the automobile was in fact her own, that she had given permission to her husband to use it, but not for any bookmaking activity.

At the conclusion of the trial the court observed that the Government had not produced bettors who testified to the fact that bets were collected and paid off by a person driving the automobile in question (as in the Bride case), held that the automobile was the separate property of the wife by reason of a presumption under the community property law where the husband bought the automobile for her, that appellee did not have knowledge of the bookmaking activities, and ordered judgment for appellee.

The Government lodged Findings of Fact and Conclusions of Law to the effect that the respondent automobile was being used by Dominick DeFalco in connection with and in furtherance of bookmaking activity, but that Madeline DeFalco did not know that her husband was engaged in such activities, or was using the automobile in connection with such, and was not forfeit for this reason. The trial judge, however, rejected these proposed Findings and Conclusions, and entered instead an express finding that the automobile was not used in any way by Dom-

inick DeFalco for the purpose of accepting wagers, making collection or pay-offs, or to aid and abet him in the business of bookmaking,—in addition to a finding that claimant Madeline DeFalco did not have any knowledge of such activity, and that the automobile was her separate property,—and concluded that for these reasons the automobile was not subject to forfeiture.

### THE LAW

■ An automobile used in violation of the internal revenue laws to transport the law violator and his gambling records in the prescribed activity, such as bookmaking or wagering, is forfeit. This use does not consist of merely using the automobile to commute to the site of illegal business operations. The burden is upon the Government of proving facts justifying forfeiture by a preponderance of the evidence. D'Agostino v. United States, (C.A. 9) 261 F.2d 154; United States v. Lane Motor Co., 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622; Nocita v. United States, (C.A. 9) 258 F.2d 199; United States v. General Motors Acceptance Corp., (C.A. 5) 239 F.2d 102; United States v. One 1953 Oldsmobile Sedan, (W.D.Ark.1955) 132 F.Supp. 14.

■■ It is well settled that in a proceeding for forfeiture against a motor vehicle for violation of the internal revenue laws the innocence of the registered owner-claimant is no defense, as the proceeding is in rem against the vehicle. United States v. One 1958 Pontiac Coupe, (C.A. 7, 1962) 298 F.2d 421; United States v. Addison, (C.A. 5, 1958) 260 F.2d 908; United States v. One 1957 Oldsmobile Automobile, (C.A. 5, 1958) 256 F.2d 931; United States v. One (1) Oldsmobile Sedan, (E.D.La.1948) 75 F.Supp. 83; United States v. One 1951 Oldsmobile Sedan (E.D.Pa.1955) 135 F.Supp. 873; United States v. Plymouth Coupe, (W.D.Pa.1950) 88 F.Supp. 93; United States v. One 1948 Cadillac Convertible Coupe, (D.C.N.J.) 115 F.Supp. 723. It is held in these cases that in order to relieve the owner from forfeiture where the vehicle was be-

ing used without the knowledge or consent of the owner it must be shown that the person so using it had obtained the vehicle in violation of the criminal laws, which question is not involved in the instant cases.

The same principle applies to a claim by the legal owner under a conditional sale or chattel mortgage, that is, that the innocence of such legal owner is no defense to the forfeiture. Goldsmith-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 191, 65 L.Ed. 376; United States v. Andrade, (C.A. 9, 1950) 181 F.2d 42; United States v. One 1940 Packard Coupe, (D.C.Mass. 1941) 36 F.Supp. 788; United States v. One 1955 Ford Convertible, (E.D.Pa. 1956) 137 F.Supp. 830. As stated by the Supreme Court in the Goldsmith case:

> "It is the illegal use that is the material consideration * * * which works the forfeiture, the guilt or innocence of its owner being accidental. * * * It is a 'thing' that can be used [in the violation claimed] * * * and the law is explicit in its condemnation of such things."

In cases for violation of the internal revenue laws the district court is without jurisdiction to remit or mitigate such forfeiture except as provided by 18 U.S.C.A. § 3617 for violation of the internal revenue laws relating to liquor. United States v. One 1936 Model Ford V-8 DeLuxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. One 1941 Plymouth Tudor Sedan, (C.A. 10, 1946) 153 F.2d 19; United States v. One 1958 Pontiac Coupe, supra; United States v. Heckinger, (C.A. 2, 1947) 163 F.2d 472; United States v. One 1946 Plymouth Sedan, (E.D.N.Y.1946) 73 F.Supp. 88; United States v. 1–1941 Ford 2 Ton Truck, (W.D.Mo.1951) 95 F.Supp. 214; United States v. One 1941 Chrysler Brougham Sedan, (E.D.Mich.1947) 74 F.Supp. 970; United States v. One 1953 Oldsmobile Sedan, (W.D.Ark.) 132 F. Supp. 14.

## CONCLUSION

In view of these settled principles of law we conclude that the District Court erred in denying forfeiture in the Audrey Bride case. The automobile in this case was subject to forfeiture if, as the court found, it was used in aid of the illegal activity of wagering and was not in the unlawful possession of the violator. The court had no alternative under these circumstances but to declare a forfeiture, and was without authority to remit or mitigate such.

A different situation appears in the DeFalco case for the reason that the court found that the Government had not proved by a preponderance of the evidence that the automobile in question had been used in the aid of bookmaking and is therefore not forfeit. The record supports this finding, which may not be set aside upon appeal unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

Reversed as to the Audrey Bride case.

Affirmed as to the DeFalco case.