UNITED STATES of America, Libelant,

v.

ONE 1962 MERCURY SEDAN, Serial No. 2252G520878, and 91 W. G. (683 Containers) Assorted Brands Taxpaid Distilled Spirits and Wine, Libelee.

UNITED STATES of America, Libelant,

v.

ONE 1962 FORD AUTOMOBILE, Serial No. 25421–179163, Libelee.

Nos. G–C–20–62, G–C–25–62.

United States District Court
N. D. Mississippi,
Greenville Division.

June 8, 1963.

H. M. Ray, U. S. Atty., Oxford, Miss., Alfred E. Moreton, III, J. L. Prichard, Asst. U. S. Attys., Oxford, Miss., for the United States.

Semmes Luckett, Clarksdale, Miss., for defendant.

CLAYTON, District Judge.

These two automobile forfeiture cases were tried concurrently with a companion criminal case, which was tried to a jury. Forfeiture of the cargo of one of the automobiles is also involved in these proceedings. Such additional evidence as bore on the forfeiture cases was heard by the court out of the presence of the jury. These cases are now for disposition on the facts thus developed and memorandum briefs of the parties.

The jury found all defendants guilty as charged in said companion

criminal case, and it is probable that they found the facts to be as this court now finds them from the evidence in the criminal case, proper for consideration here, and that evidence peculiar to these forfeiture matters.

On June 4, 1962, an Internal Revenue Agent accompanied by a citizen informer drove to the residence of Jessie P. Lott, a "contact" man for non-tax-paid whiskey in this area. The purpose of this visit to Lott was to obtain his assistance to purchase non-tax-paid whiskey. Lott arranged to get Travis Ward, a neighbor, to help him secure the desired load of liquor. Lott, with Ward as a passenger in the 1962 Ford automobile involved in these proceedings, lead the officer and the informer to Greenwood, Mississippi, a distance of about 27 miles from Lott's residence at Holcomb, Mississippi. The officer and the informer followed the Lott vehicle in another automobile.

Lott and Ward made contact with Mike Mulvihill in Greenwood and Ward got into the 1962 Mercury automobile, which is involved in these proceedings, with Mulvihill and these two drove off to make arrangements to get the load of non-tax-paid whiskey. While they were gone in the Mercury, Lott discussed the whiskey business with the federal officer and the informer.

Shortly thereafter, the Mercury came back and Ward got back into the Ford with the officer and the informer as Mulvihill drove off in the Mercury. (As the Mercury pulled away, Ward stated that Mulvihill had gone to "call that boy to help load" and further that "the stuff belongs to him, but he just don't want to touch it".) [1]

(After Mulvihill departed, Lott and Ward removed the back seat of the agent's automobile and placed it in the back seat area of the Ford automobile in order to load the non-tax-paid whiskey in the back end of the agent's automobile.) [1]

While the Mercury and Mulvihill were gone, arrangements were made that when it returned Ward should take the agent's automobile and follow Mulvihill to get the load of whiskey.

After a short period, the Mercury returned and after a brief conversation between Lott, Ward and Mulvihill, the Mercury left with Mulvihill driving and the agent's automobile following closely, with Ward driving it.

The agent and the informer got into the Ford with Lott and all of them went to a restaurant to "kill time".

At the appointed time, Lott drove the agent and the informer in the Ford to a prearranged rendezvous to await the arrival of the load of non-tax-paid whiskey. Shortly afterward the agent's automobile, being closely followed or convoyed by the Mercury driven by Mulvihill, arrived at the rendezvous point where these two cars came to a stop, bumper to bumper. There were 150 gallons of non-tax-paid whiskey in the agent's automobile and 31 cases of assorted tax-paid whiskey and 4 cases of tax-paid wines in the Mercury. Mulvihill had picked up the tax-paid whiskey and the wines at the Greenwood Distributors, a wholesale liquor establishment. Mulvihill, who neither works for Greenwood Distributors nor Frank Potero, a liquor dealer at West Point, Mississippi, contended he was simply hauling this whiskey for Potero. Mulvihill had no invoice with him and he ultimately paid personally for the seized load of tax-paid liquors. Potero did not pay for Mulvihill's load nor was demand made upon him to do so. Mulvihill had neither a wholesale nor a retail liquor dealer's special tax stamp. Upon delivery of the liquors to Potero, Mulvihill was to receive from Potero a payment for his services of $2.00 for each case of whiskey and $1.00 for each case of wine. Mulvihill also was to collect from Potero the amount of money due Greenwood Distributors for the delivered load. In addition, Mulvihill was to receive a rebate or "kick back" from Greenwood Distributors. This was the method of doing business between Mulvihill,

---

1. Considered with respect to the Ford automobile only. (Lott)

Greenwood Distributors and Potero. Mulvihill had been working under this arrangement for some time and the Mercury was purchased for this purpose.

To summarize the facts which must be found from this evidence, the 1962 Ford was used to make arrangements to purchase the non-tax-paid whiskey, to carry the back seat of the agent's automobile in order that the whiskey might be easily loaded and to take the agent and the informer to a previously selected rendezvous with others engaged in this enterprise. The Mercury was used to make arrangements within Greenwood to purchase the non-tax-paid whiskey, to lead Ward in the agent's automobile to the non-tax-paid whiskey and to convoy that loaded vehicle to the rendezvous point. In addition to its connection with the non-tax-paid whiskey, the Mercury was used to haul tax-paid liquor.

### THE FORD AUTOMOBILE

■ Counsel say simply that this automobile belonged to the wife of Lott and deny that it was used or intended for use in violation of the Internal Revenue laws of the United States. And, further, that should such unlawful use be proven, it was without her knowledge or consent. But this will just not do. See Oliver v. United States, 170 F.2d 142, 143 (5 Cir., 1948) and United States v. One 1960 Ford Convertible, 209 F.Supp. 247, 249 (S.D.Miss.1962). It is no defense to forfeiture that the claimant's husband used her car without her knowledge or consent.

### THE MERCURY AUTOMOBILE

From the foregoing findings of fact with respect to the 1962 Mercury automobile and the 683 containers of tax-paid spirits and wine, the conclusion of law that they became forfeited to the United States on June 4, 1962, is inescapable. The Mercury was used actively in the furtherance of a transaction wherein non-tax-paid liquor was involved and it was also used in an aspect of the tax-paid liquor business in which it seems clear a special tax stamp was required to be held by Mulvihill, the owner and driver thereof.

■ As to the "moonshine" liquor, Mulvihill and his Mercury automobile were actively engaged in making arrangements for the purchase by the revenue agent of the load of contraband liquor; in arranging for its loading into the agent's automobile and in seeing this automobile and its load of liquor safely over a bad stretch of street or road. This is enough. United States v. One 1959 Pontiac Tudor Sedan, 301 F.2d 411 (5 Cir., 1962); United States v. One 1952 Lincoln Sedan, 213 F.2d 786 (5 Cir., 1954).

■ But, in addition, whether he intended to so be, Mulvihill was, in the circumstances of his occupation, a "seller" at wholesale of tax-paid liquor and wine, a load of which was in his Mercury automobile at the time with which we are concerned. He paid Greenwood Distributors for his cargo which was seized as forfeited as he was obligated so to do by his arrangements with Greenwood. Potero, the retailer-customer paid nothing for this load, and was not obligated to do so. The cargo was in Mulvihill's vehicle *on his credit* with Greenwood. Thus it was Mulvihill's property and would have so remained, absent seizure, until delivery to and payment for by Potero. Hence, the revenue laws [2] required that he have a tax stamp and this he did not have. United States v. Fifty-Two Cases More or Less of Distilled Spirits, 62 F.Supp. 749 (U.S.D.C., E.D.La.1945), aff'd sub nom.; Kent v. United States, 157 F.2d 1 (5 Cir., 1946).

For the foregoing reasons, the Lott 1962 Ford automobile and the Mulvihill 1962 Mercury automobile, together with its cargo, were and are properly forfeited to the United States.

Orders may be prepared for entry in accordance with this Opinion.

---

2. 26 U.S.C. § 7301(a).