**UNITED STATES of America,**
**Libelant,**

v.

**ONE 1962 FORD GALAXIE SEDAN, Serial No. 2J64Z121123, License No. WLV 739, its tools and appurtenances, and Two Checks—One Thousand Three Hundred Seventy Dollars ($1,370) and Two Thousand Dollars ($2,000)—Totaling $3,370, Respondent.**

Civ. A. No. 63–1334–S.

United States District Court
S. D. California,
Central Division.

Nov. 24, 1964.

This matter came on regularly for trial on the 12th day of November, 1964, before the Honorable Albert Lee Stephens, Jr., Judge presiding, sitting without a jury. Manuel L. Real, United States Attorney, and Morton H. Boren, Assistant United States Attorney, by Morton H. Boren, appeared for Libelant, and Forno & Lewis, by Joseph T. Forno, appeared for claimant Ruth E. Anthony.

This is an action for the forfeiture of an automobile for its alleged use in violation of Internal Revenue Laws. The libelant is the United States of America and the object of the libel is one 1962 Ford Galaxie Sedan, Serial No. 2J64Z-121123, License No. WLV 739, its tools and appurtenances. The issue is raised in the Libel of Information and in the Answer to Libel of Information and Claim for Return of Automobile filed by claimant Ruth E. Anthony. Jurisdiction of this cause is vested in this Court by. virtue of Title 28 U.S.C.A. § 1355.

From the facts conceded by both parties in the Pretrial Conference Order filed March 24, 1964, it appears that the claimant Ruth E. Anthony is the registered owner of the automobile in question. She is also the wife of Ralph Anthony who was arrested on December 3, 1962, by Special Agents of the Treasury Department of the United States for violations of 26 U.S.C. §§ 4411 and 7201. At the time of his arrest for the above offenses, Ralph Anthony was driving the vehicle in question and was in possession of two checks drawn upon the United California Bank by one John Bianchetti, Jr., and made out to cash. These checks were in the amount of $1,370 and $2,000.

During the trial of this cause, Mr. John Bianchetti, Jr. was called as a witness by the government and testified as follows: The checks found on Ralph Anthony in the amounts of $1,370 and $2,000 (Libelant's Exhibits No. 1 and 2, respectively) were made out by him. They were given to Ralph Anthony as payment of a prior gambling debt. On December 3, 1962, he had an appointment with Ralph Anthony. He had agreed

Forno & Lewis, Los Angeles, Cal., for claimant.

Manuel L. Real, Los Angeles, Cal., for United States of America, libelant.

ALBERT LEE STEPHENS, Jr., District Judge.

with Mr. Anthony that he would go with him to the drawee bank and cash the checks for Mr. Anthony. It was immediately prior to this proposed meeting that Ralph Anthony was arrested by Federal Agents. The testimony of this witness was uncontradicted.

■ Mr. Anthony was a bookmaker taking bets on horse races and football games. Inferentially, he did not want to cash Mr. Bianchetti's checks, possibly because of the amounts involved and the questions he would be required to answer or the identification he would be required to produce. It is apparent that simply giving the checks to Mr. Anthony was not the end of the transaction, but that going to the bank to cash them was a part of it and this was the understanding and agreement of the parties. Transportation of the checks by Mr. Anthony for the purpose of completing the transaction as agreed was a necessary part of the transaction. The vehicle used was therefore being used in violation of the Internal Revenue Laws when its driver was arrested.

Mrs. Anthony was the owner of the vehicle. It was ordered in her name although her husband signed the order blank. She testified that she purchased it for cash, in part with money she had saved, in part with money given to her by her father in payment of a debt, but most of it with money she borrowed from her father-in-law. There was no evidence as to whether this was repaid, or, if so, from what sources. She stated that Mr. Anthony had two other vehicles, a truck and an old Dodge or Plymouth. They used her 1962 Ford Galaxie when they went out together. Mr. Anthony drove it. There were two sets of keys. She kept one in her purse and the other was kept in the house.

■ On the day in question, Mr. Anthony left the house at his usual time and took her car. He had not asked her consent or told her that he intended to take that car. She learned later that the truck wouldn't start and the other car had a flat tire. There was no evidence that her express consent for Mr.

Anthony to use the car was required or usually requested. From all of the evidence on this phase of the case, the conclusion that the car was used by Mr. Anthony with the tacit consent of Mrs. Anthony is inescapable.

■ There was no evidence that Mrs. Anthony knew that her car was used in any bookmaking activity and there was no evidence of bookmaking in the car or in Mr. Anthony's possession at the time he was arrested. To be subject to forfeiture, an automobile need not be carrying contraband. D'Agostino v. United States, 261 F.2d 154, (9th Cir., 1958). However, collecting bets or losses is an integral part of the bookmaking occupation, probably the most important part. Nocita v. United States, 258 F.2d 199 (9th Cir., 1958). The seized automobile was being used for such a purpose at the time of Mr. Anthony's arrest.

■■ It is well settled that in a proceeding for forfeiture against a motor vehicle for violation of the Internal Revenue Laws, the innocence of the registered owner-claimant is no defense as the proceeding is in rem against the vehicle. In order for the registered owner to defend against such a libel, it must be shown that the person using the vehicle illegally obtained it in violation of the criminal laws. United States v. Bride, 308 F.2d 470 (9th Cir., 1962). The statute under which forfeiture is sought by this libel is 26 U.S.C. § 7302. It declares that no property rights shall exist in property used in violation of the provisions of the Internal Revenue Laws.

Forfeitures of property are harsh penalties and they sometimes fall upon innocent people. In this case there is a closer relationship between the person engaged in the illegal activity and the owner of the vehicle than in many such cases. The two parties are husband and wife. More than probably, the bookmaking activities of Mr. Anthony produce income to both him and his wife and it is not entirely unjust that the losses fall upon both of them and that the technicalities of title do not avoid such consequences.

The government is entitled to judgment. This Memorandum of Decision shall substitute for Findings of Fact and Conclusions of Law as provided in Rule 52 of the Federal Rules of Civil Procedure. Counsel for libelant is requested to prepare an appropriate judgment.