UNITED STATES of America

v.

ONE BALLY COUNTY FAIR PINBALL MACHINE, Serial Number B57700148, One Bally Can Can Pinball Machine, Serial Number C13507737, One Golden Gate Pinball Machine, Serial Number C36756074, and $147.05 in Coin; Aaron Beam and National Bank of Bossier, Intervenors.

UNITED STATES of America

v.

ONE BALLY SEA ISLAND PINBALL MACHINE, Serial Number B35606145, One Bally Sea Island Pinball Machine, Serial Number B35594352, One Bally Sea Island Pinball Machine, Serial Number B35606988, One Bally Sea Island Pinball Machine, Serial Number B35594351, One Bally Cypress Gardens Pinball Machine, Serial Number B11264134, and $274.75 in Coin; Aaron Beam and National Bank of Bossier, Intervenors.

Civ. A. Nos. 9530, 9531.

United States District Court
W. D. Louisiana,
Shreveport Division.

Feb. 8, 1965.

Isaac Abramson, Wilson, Abramson, Maroun & Kaplan, Morgan, Baker, Skeels, & Coleman, Shreveport, La., for defendants and intervenors.

BEN C. DAWKINS, Jr., Chief Judge.

## OPINION ON THE MERITS

In these consolidated actions the Government filed libels of information seeking decrees of forfeiture against pinball machines for which the special tax imposed by 26 U.S.C.A. § 4461(a) (2) had not been paid. Intervenors in the suits are the owner and mortgagee of the pinball machines. Jurisdiction is vested by 26 U.S.C.A. § 7323.

The three pinball machines and money in No. 9530 were seized December 19, 1962, on the premises of Ila Bridges and Julius Dupay, d/b/a Coffee Cup Grill, Bossier City, Louisiana. The five pinball machines and money in No. 9531 were seized the same day on the premises of Fred Beam, d/b/a Beam's Cutrate Package Liquor and Bar, Bossier City, Louisiana. It is stipulated that the $250.00 tax imposed by Section 4461 (a) (2) [1] was not paid, but intervenors contend that the tax is not due, since the machines do not fall within the definition found in Section 4462(a) (2).[2] Intervenor-mortgagee, the National Bank of Bossier, contends that it is an innocent holder of the mortgage and that its claim is entitled to recognition before the claim of the United States.

All the pinball machines seized in these actions are "bingo" type machines and have substantially identical features. The deposit of one coin activates the

Edward L. Shaheen, U. S. Atty., for the W. Dist., Louisiana, and Edward V. Boagni, Asst. U. S. Atty., Shreveport, La., for the government.

[1] "(a) In general.—There shall be imposed a special tax to be paid by every person who maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated amusement or gaming device at the following rates:

\* \* \* \* \* \* \*

"(2) $250 a year, in the case of a device defined in paragraph (2) of section 4462(a); \* \* \*."

[2] "(a) In general.—For purposes of this subchapter, the term 'coin-operated amusement or gaming device' means—

\* \* \* \* \* \* \*

"(2) any machine which is—

"(A) a so-called 'slot' machine which operates by means of the insertion of a coin, token, or similar object and which, by application of the element of chance, may deliver, or entitle the person playing or operating the machine to receive, cash, premiums, merchandise, or tokens, \* \* \*."

**364**

machine and releases five balls for play. The game is played by propelling the balls onto an inclined surface where they descend by gravity through a maze of pegs and springs, eventually dropping into a hole and lighting a corresponding number on the scoreboard. By inserting additional coins a player may increase his chances of winning free games. For example, the free games to be awarded for four numbers in line on the playing field increases progressively from 16 to 480 as additional coins are inserted.

After a player has used all five balls, he may obtain a maximum of three extra balls by inserting additional coins. The descent of the balls down the playing surface is determined predominantly by chance, since the machines are equipped with adjustable tilt mechanisms which prevent the player from physically affecting the course of the ball down the playing field. The machines also have a push button or "knock-off" device for releasing free games won which have not been played off. These free games released and not played off are recorded on a meter which is capable of recording up to 999 free games.

■ We think these machines are coin operated gaming devices within the intention of Section 4462(a) (2). Treasury Department Regulations include in a list of machines or devices encompassed by this section a "pinball machine equipped with a push button for releasing free plays and a meter for recording the plays so released, or equipped with provisions for multiple coin insertion for increasing the odds." 26 CFR § 45.4462–1(b) (2) (iii).

■ In United States v. Korpan, 354 U.S. 271, 77 S.Ct. 1099, 1 L.Ed.2d 1337 (1957), it was established that pinball machines can be considered gaming devices within the definition of Section 4462(a) (2). In that case the pinball machines were similar to those seized here. Other cases have held that pinball machines with features identical or similar to those in this case are coin operated gaming devices within the meaning of Section 4462(a) (2). See United States v. One Bally "Barrel-O-Fun" Coin-Operated Gaming Device, 224 F.Supp. 794 (M.D.Pa.1963); Turner v. United States, 9 AFTR 2d 2031 (D.C. Kan.1962); United States v. Nine Gambling Devices, 4 AFTR 2d 6187 (S.D. Ill.1957). It is not necessary that there be evidence of actual payoffs in the use of the machines. It is sufficient to show that the machines possess the features that may deliver or entitle the person playing the machine to receive cash, premiums, merchandise or tokens. United States v. One Bally "Barrel-O-Fun" Coin-Operated Gaming Device, supra; Turner v. United States, supra; United States v. Nine Gambling Devices, supra.

■ Since the $250 tax on coin operated gaming devices is applicable to the machines in this case, and since this tax has not been paid, the machines are subject to forfeiture under 26 U.S.C.A. § 7302. United States v. One Bally "Barrel-O-Fun" Coin-Operated Gaming Device, supra; United States v. Nine Gambling Devices, supra; United States v. Five Coin-Operated Gaming Devices and Contents, 154 F.Supp. 731 (D.C. Md.1957).

■ Intervenor-mortgagee contends that it is an innocent mortgage holder and as such is entitled to the return of the machines free of any claim of the United States. A forfeiture proceeding, however, is a proceeding *in rem* against the property, and neither the innocence of the owner or of the chattel mortgagee is a defense to the forfeiture. United States v. Bride, 308 F.2d 470 (9 Cir.1962). Nor are the owner and mortgagee here entitled to a remission of forfeiture in this Court. In cases for violation of the internal revenue laws the district court is without jurisdiction to remit or mitigate the forfeiture except under the provisions of 18 U.S.C.A. § 3617. United States v. Bride, supra. That section applies only to property seized for violation of the internal revenue laws relating to liquor and has no

application to the seizure of these pinball machines. A claim for remission or mitigation in this case must be brought as provided in 26 U.S.C.A. § 7327 and 19 U.S.C.A. § 1618.

For these reasons the forfeiture sought by the Government is granted. Separate judgments in each of these actions should be prepared by counsel for the Government.