UNITED STATES of America,
Appellant,

v.

ONE 1967 CADILLAC COUPE ELDO-
RADO, Motor No. H7185812, License
No. TVG 691, its tools and appurte-
nances, Appellee.

No. 22965.

United States Court of Appeals
Ninth Circuit.

Aug. 19, 1969.

Larry L. Dier (appeared), Wm. Mat-
thew Byrne, Jr., U. S. Atty., Robert L.
Brosio, Asst. U. S. Atty., Crim. Div.,
Los Angeles, Cal., for appellant.

Michael Gless (appeared), Howard D.
Hanson, of Swanwick, Donnelly &
Proudfit, Los Angeles, Cal., for appel-
lee.

Before BARNES and CARTER, Cir-
cuit Judges, and KILKENNY, District
Judge.*

BARNES, Circuit Judge:

The Government appeals in a forfei-
ture action brought under 49 U.S.C. §
782.[1] Our jurisdiction rests on 28 U.

---

* Hon. John F. Kilkenny, United States
District Judge, Portland, Oregon, sitting
by designation.

1. 49 U.S.C. § 782 provides, in part, that:
"Any * * * vehicle * * * which
has been or is being used in violation of
any provision of section 781 of this
title * * * shall be seized and for-
feited: * * * *Provided further,* That
no * * * vehicle * * * shall be
forfeited under the provisions of this
chapter by reason of any act or omission
established by the owner thereof to have
been committed or omitted by any per-
son other than such owner while such
* * * vehicle * * * was unlaw-

S.C. § 1291. We reverse the district court's denial of forfeiture; and find the claimant's innocence to be an irrelevant consideration, and the claimant's theory of illegal possession by the owner of record to be untenable.

The claimant-owner of the automobile is United California Bank. The registered owners were Clarence S. and Velma Turner who purchased the automobile under a conditional sales contract, and who, it is stipulated, on August 9, 1967 used the automobile to transport cocaine.[2] The Government seized the car, placing it in storage on September 11, 1967, and filed a Complaint for Forfeiture on September 29, 1967. It is the denial of this forfeiture that is here appealed.

■ It is undisputed that the unlawful use of the car was without claimant's knowledge or consent. We conclude this is no defense against a forfeiture action brought under 49 U.S.C. § 782. Our conclusion is not a novel proposition of law.[3] In United States v. One 1961 Cadillac, 337 F.2d 730 (6th Cir. 1964), the assignee from an automobile dealer of a conditional sales contract filed a petition for remission or mitigation of the forfeiture. The court, speaking to the issue of the claimant's innocence, stated, at 732:

"In the libel action, the only question to be determined by the District Court is whether the vehicle forfeited was used in the unlawful transportation of contraband articles. The innocence or good faith of the owner or lienholder of the vehicle does not constitute a defense. 49 U.S.C. § 782; United States v. One 1955 Ford Convertible, 137 F.Supp. 830 (E.D.Pa. 1956); United States v. One Oldsmobile Sedan, 118 F.Supp. 450 (E.D.La.

1954); United States v. One 1951 Cadillac Coupe DeVille, supra [108 F. Supp. 286 (W.D.Pa. 1952)]."

In United States v. Bride, 308 F.2d 470, 473 (9th Cir. 1962), this court stated:

"It is well settled that in a procedure for forfeiture against a motor vehicle for violation of the internal revenue laws the innocence of the registered owner-claimant is no defense, as the proceeding is in rem against the vehicle."

Similarly, the court in General Fin. Corp. of Fla. South v. United States, 333 F.2d 681 (5th Cir. 1964), stated, summarily, at 682:

"Nor does it matter that the intervenor was innocent. United States v. One 1957 Oldsmobile Automobile, Motor No. A227445, and General Motors Acceptance Corp., Intervenor, 256 F.2d 931 (C.A.5th, 1958)."

This case likewise involved contraband, namely, marijuana.

We find no merit in an argument against forfeiture predicated on the innocence of the claimant-owner.

■ Claimant-owner's alternative argument is that when the owners of record transported the cocaine and violated the statute, they also breached a provision of their sales contract which prohibited unlawful activity with the automobile. At this point, argues claimant-owner, the owners of record were unlawfully in possession of the car and hence the exception written into 49 U. S.C. § 782, see n. 1, supra, is applicable. We reject this reasoning.

Claimant-owner relies upon Jen Dao Chen v. United States, 385 F.2d 939 (9th Cir. 1967). Forfeiture there was based

---

fully in the possession of a person *who acquired possession thereof in violation of the criminal laws of the United States, or of any State.*" (Emphasis added.)

2. 49 U.S.C. § 781(b) (1) brings cocaine within the terms of "contraband article" and 49 U.S.C. § 781(a) causes it to be un-

lawful to transport cocaine "by means of any * * * vehicle."

3. For cases reaching a similar result under an analogous statute (internal revenue) *see* United States v. Bride, 308 F.2d 470, 473 (9th Cir. 1962); United States v. One 1962 Ford Galaxie Sedan, 236 F. Supp. 529, 531 (S.D.Cal.1964).

on 19 U.S.C. § 1592. We distinguish the *Chen* case. The owner of the goods allegedly subject to forfeiture had there entrusted them to another to transport to this country. The agent, converting the goods to his use, filed a false declaration with customs. In holding that the goods were not forfeitable, this court employed an agency theory, pointing out, at page 942, that the transporter of the goods was not the owner's agent but "a mere trespasser" when he converted the goods. Forfeiture against the innocent owner was not possible under the terms of the statute.

As a comparison of the two statutes reveals, 49 U.S.C. § 782 is not susceptible to a similar interpretation. The section relied upon by the claimant requires *both* that possession be unlawful *and* that it be unlawfully acquired. Even were we to employ a rationale analogous to that used in *Chen* and hold that when the owners of record put the car to an illegal use they were, under the terms of their agreement with claimant, in illegal possession (a tenuous theory at best), we would still rule against claimant since no showing has been made that possession was originally illegally acquired. Nor was that original *possession* changed; it was the same possession originally lawfully acquired. Nor does the record here disclose any finding by the trial court, nor any evidence at the trial, that Turner, the registered owner of the defendant Cadillac, *acquired possession* of the car in violation of any state or federal law. His actions may have given rise to a right in the legal owner to repossess, but that right had not yet been exercised at the time of seizure. Turner's illegal use of the car to transport contraband did not transfer *title* to him.

Claimant urges that the conditional sales contract under which the conditional vendee originally took possession of the Cadillac automobile, provides: "Buyer agrees not to use or permit said property to be used * * * for or in connection with any act prohibited by law. * * *" (Page 2, Exhibit A; page 10, C.T.)

From this covenant, appellee takes three steps—*First*, that on August 9, 1967, Turner "intentionally betrayed his trust." We have no doubt of that. *Second:* "He thereby converted said defendant Cadillac to his own use and thereupon acted for himself alone." We are cited no authority that this act constituted conversion. This seems to us an attempt to bring into this case the "conversion" facts of the *Chen* case, *supra*, which do not here exist. *Third:* "He thereby took illegal possession of the automobile from the claimant owner without his consent." Again no authority is cited for this position, and we find neither law nor factual basis to support it.

We pause to wonder if, had Turner violated the speed laws or failed to make a boulevard stop while driving this Cadillac, appellee would seriously urge he had taken "*illegal possession* of the Cadillac without the owner's consent." We doubt it.

We reverse the district court's judgment, finding forfeiture to be the result required by the statute. If claimant has a remedy, it is through the filing of a petition for remission or mitigation, formerly with the Secretary of Treasury (19 U.S.C. § 1618) and now with the Attorney General,[4] in accord with his discretion. *See* United States v. One 1961 Cadillac, 337 F.2d 730 at 733 (6th Cir. 1964); General Fin. Corp. of Fla. South v. United States, *supra*, 333 F.2d at 682.

Reversed and remanded with instruction to enter judgment for appellant.

---

4. Exec.Order No. 6166, § 5 (following 5 U.S.C.A. § 901).