**UNITED STATES of America,
Plaintiff,**

v.

**ONE 1968 FORD PICKUP TRUCK, MOTOR NO. F10BKD33254, Defendant.**

**Civ. A. No. 5692–69.**

United States District Court,
S. D. Alabama, S. D.

March 23, 1970.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff.

Thomas M. Haas, Mobile, Ala., for defendant.

### ORDER

PITTMAN, District Judge.

This cause came on to be heard in open court on March 4, 1970, without a jury. The United States seeks a for-

---

feiture of the vehicle described in the complaint for breach of the provisions of 26 U.S.C. §§ 7301 and 7302, which provisions deal with the forfeiture of vehicles used in the transportation of property in fraud of the Internal Revenue laws.

## FINDINGS OF FACT

The evidence presented by the United States was that on June 11, 1969, at about 9:10 p. m., agents of the Alcohol, Tobacco and Firearms Division of the U. S. Treasury Department (hereafter referred to as AT&F agents), who were stationed in fields approximately 50 yards from the home of claimant's father-in-law, Henry Mance Johnson, observed an automobile drive onto Johnson's property and stop at a barn. Two unidentified men were observed unloading 45 one-gallon containers from the trunk of the said car, which were placed beside the barn.

At approximately 3:00 a. m., June 12, 1969, the AT&F agents observed a 1967 Dodge truck being driven to the side of the barn. Thereafter, two men loaded the 45 one-gallon containers onto the truck. The truck was then driven to an open field about 40 yards from the barn.

At about 5:25 a. m. on the same morning, the agents observed one Earl Lee Johnson, the son of Henry Mance Johnson, drive a 1968 Ford pickup truck, as described in the complaint, with a passenger, John H. Anderson, and park beside the 1967 pickup.

The two Johnsons and Anderson were observed moving 12 of the one-gallon containers from the 1967 pickup onto the 1968 pickup and 11 of the one-gallon containers into nearby weeds.

At this time, the agents moved in and arrested the three men.

Agent Wade testified that he was present when Agent Watson read the "Miranda warnings" to both Henry and Earl Johnson, and that he heard Henry Johnson state a man had owed him some money and asked Johnson if he could pay off in whiskey and he agreed.

Earl Johnson, after being advised on "Miranda warnings," told the agents his father called him early that morning and asked him to come over and help move some whiskey.

The agents examined the liquid in the containers and found it to be moonshine whiskey. No stamps were found on the containers.

Henry Johnson and John Anderson, two of the three men arrested on this occasion for the above acts, testified. The third person is deceased. In a pretrial order it was agreed that Henry Johnson, John Henry Anderson and Earl Lee Johnson (deceased) had records and reputations for dealing in non-tax paid alcoholic beverages at the time the motor vehicle was seized.

Their testimony was to the effect that the seizure was on the property of Henry Johnson. Mr. Anderson's testimony was that the arrest was made at about 5:30 a. m. at the same time the AT&F agents stated it to be.

He also testified he saw some jugs at the scene of the arrest.

The thrust of Mr. Johnson's testimony was that a former acquaintance, whom he had not seen for five years, tried for several days to sell him some whiskey and came and woke him up at 3:00 in the morning of the arrest to deliver the whiskey. Johnson told him he did not want it. The next morning, after having coffee, and between 7:00 and 8:00 o'clock, he became worried about it, and went out and found the whiskey in the yard. He called his son to move it to get rid of it so he would not get into trouble, and was arrested after moving it a few yards from the barn and placing part of it on the truck his son drove up in.

Mr. Johnson's testimony in several respects is in sharp variance with that of the AT&F agents, and, in one respect—the time of the arrest—with that of Mr. Anderson.

The agents testified the whiskey was left near the barn at 9:10 p. m. the night before, and the Dodge truck was

parked near it at 3:00 a. m. the following morning and the whiskey was moved about 5:00 to 5:25 a. m. the same morning, at which time the arrests occurred. The court is convinced beyond a reasonable doubt that the acts occurred substantially as the AT&F agents testified.

## CONCLUSIONS OF LAW

Claimant Melba Johnson contends that since the 1968 Ford pickup, as described in the complaint, was registered in her name, and since she was unaware of the intended use to which the truck was to be put, there should be no forfeiture.

But innocence or good faith of the owner is no defense in a forfeiture proceeding. United States v. Gramling, 180 F.2d 577 (5th Cir., 1950); Oliver v. United States, 170 F.2d 142 (5th Cir., 1948); United States v. Bride, 308 F.2d 470 (9th Cir., 1962); United States v. One 1962 Mercury Sedan, et al., 218 F.Supp. 140 (U.S.D.C., N.D.Miss., 1963).

Therefore, it is ordered, adjudged, and decreed that judgment be, and the same is, hereby entered for the plaintiff.