UNITED STATES of America, Appellee,

v.

ONE 1971 MERCEDES BENZ 2–DOOR COUPE, SERIAL NO. 11304412023280, Appellant.

No. 73–1801.

United States Court of Appeals,
Fourth Circuit.

Argued April 6, 1976.

Decided Sept. 27, 1976.

Carl P. Fogel, Rockville, Md., for appellant.

Elsie M. Powell, Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, WIDENER, Circuit Judge, and HADEN, District Judge.[*]

HADEN, District Judge:

This is an appeal prosecuted by the owner from a final order of the District Court in which forfeiture of a 1971 Mercedes Benz was awarded to the government.

On March 6, 1972, Herbert P. Suskind, the owner of the forfeited vehicle, drove Dale Herbert Sutherland to National Airport, Alexandria, Virginia, where the two were arrested by agents of the secret service for possession of an attache case containing a very large amount of counterfeit currency. Under questioning by the agents, Sutherland acknowledged ownership of the attache case. Mr. Suskind asserted then, and has since consistently maintained, that he was unaware of the contents of the case and that he had innocently provided Sutherland, a maintenance employee in Suskind's commercial building, a ride to the airport as an accommodation. Sutherland, who was later convicted for his participation in the criminal enterprise, agreed with Suskind's version and did not implicate Suskind in the crime. Suskind was indicted with others, including Sutherland, for conspiracy, possession and distribution of counterfeit currency. At his separate trial on these charges, the jury, after being presented with sharply conflicting testimony as to Suskind's involvement in the counterfeiting scheme, failed to return a verdict and the court declared a mistrial. On the date scheduled for a second trial, the government dismissed the indictment against Suskind, over his objections because he was still seeking a judgment of acquittal. As far as we know, that ended the criminal prosecution.

■ The litigation which is the genesis of this appeal then commenced. Coincident with Suskind's initial arrest, the appellant vehicle was seized pursuant to forfeiture provisions contained in 49 U.S.C. §§ 781–782. Later, the government filed a complaint seeking enforcement of the forfeiture. After conclusion of Suskind's criminal trial, the government and the owner stipulated that the District Court could, on the basis of its notes and recollection of the testimony presented at the criminal trial, decide the question of forfeiture without further evidence. In a memorandum opinion and order, the District Court enforced the forfeiture, finding "beyond a reasonable doubt" that the owner was "significantly involved" in the criminal enterprise.[1] In

* United States District Judge for the Northern and Southern Districts of West Virginia sitting by Designation.

1. The District Court applied an apparent standard first recognized in *United States v. United States Coin & Currency*, 401 U.S. 715, 722, 91

reaching this decision, the judge simply "reject(ed) the position and testimony of Suskind and accept(ed) that offered by the government," after noting that much of the government's case rested upon the testimony of an informer and accomplice, which testimony was received with caution.

On this appeal, the appellant initially attacks the forfeiture statutes as being violative of the Fifth Amendment and, in their particular application, as depriving the owner of due process and equal protection of the laws. On the equal protection issue, appellant asserts that vehicles owned by innocent common carriers are ignored by the law [2] while those of private owners are subject to forfeiture. The constitutional attacks are without substance, having been laid to rest in the comprehensive decision of *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–690, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). Likewise, the specific equal protection contention has been resolved in favor of the statute rather precisely in *United States v. One 1957 Oldsmobile Automobile*, 256 F.2d 931 (5th Cir. 1958): the common carrier exception to 49 U.S.C. § 782, does not violate due process by depriving other innocent classes of equal

protection of the law. Accord, *United States v. One 1962 Ford Thunderbird*, 232 F.Supp. 1019 (N.D.Ill.1964).

The dispositive question before this Court is whether the decision of the District Court was clearly wrong. Based upon the operative fact that the appellant vehicle was employed as a method of transporting contraband,[3] upon the additional fact that Suskind had loaned $2,000 to one of those involved in the production of the counterfeit currency, and upon the fact that the evidence tended to indicate that the loan proceeds were used to underwrite part of the costs of producing the counterfeit currency—findings made by the trial court— and upon several other findings based upon the evidence tending to show Suskind's presence and involvement with those who participated in the criminal enterprise, we cannot say, under any view of the evidence, that the trial court's conclusion of significant involvement was clearly erroneous. Thus, we must affirm the judgment below.

The owner also presents an alternative position which he failed to submit to the District Court. Assuming the government's enforcement of forfeiture, Suskind seeks a ruling from this Court limiting the

---

S.Ct. 1041, 1045, 28 L.Ed.2d 434 (1971), wherein the Court stated that "forfeiture statutes . . . are intended to impose a penalty only upon those who are *significantly involved* in a criminal enterprise. . . ." (Emphasis supplied). Prior to *Coin & Currency*, federal appeals courts rather uniformly applied the accepted rule that innocence of an owner was not a defense to forfeiture. See, e. g., *United States v. One 1967 Cadillac Coupe Eldorado*, 415 F.2d 647 (9th Cir. 1969). The significant involvement standard articulated in *Coin & Currency* appeared to imply that "innocence" of the owner henceforth could be raised in defense to forfeiture. See *Lowther v. United States*, 480 F.2d 1031 (10th Cir. 1973). More recently, however, the Supreme Court laid the matter to rest in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). The Court limited the "significant involvement standard" measurably when it stated that "*Coin & Currency* did not overrule prior decisions that sustained application to innocents of forfeiture statutes, . . . [which are] not limited in application to persons 'significantly involved in a criminal enterprise.'" *Id.* at p. 688, 94 S.Ct. at p. 2094. In any event, the test applied by the District

Court was more favorable to the owner of the vehicle than that to which he may have been entitled. Accordingly, the error, if any, was harmless.

2. "Innocent" common carriers are explicitly exempt from forfeiture under 49 U.S.C. § 782.

3. The owner contends on this appeal that the judgment of the trial court must be reversed because that court failed to specifically find that the appellant *vehicle* was significantly involved in the criminal enterprise. To recognize that contention would be to ignore substance for form. The uncontroverted facts demonstrate that the vehicle transported the contraband. 49 U.S.C. § 781, provides, *inter alia*: "(a) It shall be unlawful . . . (3) to use any . . . vehicle . . . to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange or giving away of any contraband article." This section of the *Code* also defines counterfeit currency as contraband; 49 U.S.C. § 782 subjects a vehicle used in the conveyance of contraband to seizure and forfeiture.

government's entitlement to the appellant vehicle to its value at the time of seizure. The owner seeks to establish in this Court a present value of the vehicle alleging that it was damaged while in the custody of the government and also that it has increased in value because it has become a "classic" by reason of a model discontinuance. The owner's remedy, if any, on the issue of valuation must be presented to the District Court. Questions not raised and properly preserved in the trial forum will not be noticed on appeal, in the absence of exceptional circumstances. *United States v. Chesapeake & Ohio Ry. Co.*, 215 F.2d 213 (4th Cir. 1954).

Accordingly, we affirm the District Court's order of forfeiture and remand the case for such further proceedings as may be necessary in connection with enforcement of the order.