804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin Jerrold PEREL, Plaintiff-Appellant,
v.
HEALTH CARE FINANCING ADMINISTRATION, Defendant-Appellee.
 No. 86-2055.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1986.
Decided Nov. 5, 1986.
 
 Allan B. Rabineau, on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney, Joseph Sedwick Sollers, III, Assistant United States Attorney, on brief, for appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL, HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marvin J. Perel appeals the district court's grant of summary judgment for failure to exhaust administrative remedies in this action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. We find no error in the district court's judgment and affirm.
 
 
 2
 On June 22, 1981, the defendant Health Care Financing Administration (HCFA) posted a vacancy for a safety specialist position in its Division of General Services. On August 10, 1981, the position was filled by someone other than Perel. The selectee was a female.
 
 
 3
 Within the next month, Perel approached a union representative regarding the matter of his non-promotion to the safety specialist position. On April 20, 1983, Perel contacted an EEO Counselor at HCFA and initiated the procedures for filing a formal written complaint. The counseling did not result in informal resolution of the case, so Perel filed a formal complaint on May 12, 1983. The complaint was dismissed on August 3, 1983, pursuant to 29 C.F.R. 1613.215 (1985) because Perel failed to contact an EEO Counselor within thirty days of his non-promotion as required by 29 C.F.R. 1613.214(a)(1)(i) (1985). This decision was affirmed by the Equal Employment Opportunity Commission (EEOC) on July 13, 1984.
 
 
 4
 On August 16, 1984, Perel petitioned the EEOC to reopen and reconsider its decision on the basis of newly discovered evidence demonstrating that the complaint had been filed in a timely fashion by a union representative acting on his behalf. On March 29, 1985, the EEOC issued a letter declining to reopen Perel's case because the information did not meet the criteria for "new and material evidence" and because the union representative could not have fulfilled Perel's counseling requirement.
 
 
 5
 On April 30, 1985, Perel filed the instant action, alleging that the HCFA discriminated against him on the basis of sex and religion by denying him a promotion. The district court granted summary judgment for the HCFA, finding that Perel failed to exhaust his administrative remedies in a timely manner. This appeal followed.
 
 
 6
 The EEOC regulations clearly require that an aggrieved employee bring a complaint to the attention of the EEO Counselor of the agency and participate in counseling prior to the filing of a formal complaint. 29 C.F.R. Secs. 1613.213(a) and 1613.214(a)(1)(i) (1985). As the district court recognized in its opinion granting summary judgment, to require the employee to be personally involved at the counseling stage is sensible from a policy perspective:
 
 
 7
 In order to fulfill the goals of counselling, the aggrieved party should be present to discuss an informal resolution of the matter. A representative may accompany the complainant to the counselling session, 29 C.F.R. Sec. 1613.214(b), but in general may not substitute for the presence of the complainant.
 
 
 8
 The district court correctly found that the language of 29 C.F.R. Sec. 1613.214(a)(1)(i) requires the complainant to personally contact the EEO counselor with a complaint. The purpose of this requirement is to ensure the initiation of counselling. The district court contrasted this language with part (a)(1)(ii) of the same section, which allows the "complainant or his representative" to submit a complaint after counseling has concluded.
 
 
 9
 In the present case, Perel did not personally contact the EEO counselor with the matter of his non-promotion and did not participate in counseling until more than one and a half years after the incident occurred. The district court consequently concluded that Perel failed to present his claim in a timely manner, and that such failure justified the EEOC's rejection of his claim. We find no error in this conclusion.
 
 
 10
 Perel contends that the thirty-day period is subject to equitable tolling because the HCFA engaged in affirmative misconduct which prevented him from initiating a timely complaint. Perel raises this argument for the first time on appeal, and we consider it waived. "Questions not raised and properly preserved in the trial forum will not be noticed on appeal, in the absence of exceptional circumstances." United States v. One 1971 Mercedes Benz 2-Door Coupe, Serial No. 11304412023280, 542 F.2d 912, 915 (4th Cir.1976).
 
 
 11
 Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court, and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.