840 F.2d 10
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COMMERCIAL UNION INSURANCE COMPANY, First State Insurance
Company, Plaintiffs- Appellees,
v.
VIRGINIA PARTNERS LTD., Robert Day, Defendants-Appellants,
Richard W. McIntyre, Charles A. McIntyre, Stanley H.
Vilinsky, Defendants.
 No. 87-3598.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 2, 1987.
Decided Feb. 16, 1988.
 
 Roger M. Oliver (Joseph E. Wolfe, Wolfe & Farmer on brief) for appellants.
 S.D. Roberts Moore (Gentry, Locke, Rakes & Moore, Brian R. Jones, Woods, Rogers and Hazelgrove on brief) for appellees.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Virginia Partners, Ltd. ("Virginia Partners") appeals a judgment of the district court in favor of Commercial Union Insurance Company and First State Insurance Company ("Insurance Companies"), in a declaratory judgment action. Robert Day appeals the district court denial of his motion for relief from judgment under Rule 60(b). We affirm.
 
 
 2
 Virginia Partners is a limited partnership formed to acquire coal leases and subleases in Southwestern Virginia. The partnership also conducts coal mining operations. The Insurance Companies issued a coal mine liability policy with Virginia Partners as a named insured. The policy contained certain liability limitations applicable if the insured entered into a joint venture with an uninsured party.[1]
 
 
 3
 In early 1979, Henry McClain and Richard McIntyre, managing partner of Virginia Partners, made an agreement to use McClain's[2] expertise and Virginia Partners' funds for a drilling operation in Kentucky. McClain subsequently obtained a lease in Kentucky from Robert Day and procured the services of L.V. Doss to conduct the rejuvenation process on wells on Day's land. While Doss was performing part of the procedure to recover heavy crude oil, Day was sprayed with acid and severely injured. Day filed an action in Kentucky state court against McClain, Doss, Virginia Partners, et al. Virginia Partners notified Commercial Union of the suit. Commercial Union denied liability and in a separate action filed suit in the Circuit Court of Lee County, Virginia, seeking a declaratory judgment on the issue of its liability under the insurance policy. Virginia Partners removed the action to federal district court and counterclaimed for a declaratory judgment in their favor, punitive damages and compensatory damages.
 
 
 4
 On August 16, 1985, the district court concluded that there was no coverage under the policy because Virginia Partners was engaged in a joint venture at the time of the incident. Virginia Partners filed a notice of appeal. On December 19, 1985, a judgment in favor of Day was entered on a jury verdict in the Kentucky litigation. Day then filed a motion on December 27, 1985, in the district court in Virginia seeking to intervene and also seeking relief from judgment under Rule 60(b). A hearing was held and the district court concluded that it lacked jurisdiction because the case was on appeal. Day then filed a motion to intervene with this Court which granted the motion and remanded to the district court for consideration of the intervenor's motion for relief from judgment. The district court denied Day's motion for relief from judgment and denied it again after reconsideration. Virginia Partners and Day jointly appeal the final judgment of August 16, 1985, and the denial of the Rule 60(b) motion.
 
 
 5
 On appeal, Virginia Partners and Day contend that under either Kentucky or Virginia law no joint venture existed.[3] Appellants also argue that the exclusion relied upon for denial of coverage did not appear in the "Exclusions" section of the contract and would not therefore apply to the overall Insuring Agreement. Finally, appellants contend that the Insurance Companies should be estopped from denying policy coverage because they refused to defend the underlying state action.[4]
 
 
 6
 We find appellant's contentions to be without merit. The district court concluded that the relationship between McClain and McIntyre constituted a joint venture under Virginia law and the insurance contract precluded coverage of the joint venture. Fed.R.Civ.P. 52(a) provides that findings of fact in actions tried without a jury shall not be set aside unless clearly erroneous. Moreover, we must construe the evidence in the light most favorable to the appellees. Ente Nazionale Per L'Energia Electrica v. Balliwag Navigation, Inc., 774 F.2d 648 (4th Cir.1985). Under that deferential standard, ample evidence supported the district court's factual conclusion with regard to the joint venture between Virginia Partners and McClain. There was clear evidence of mutual benefit, an implied understanding to share profits or losses and proof of mutual control. Smith v. Grenadier, 203 Va. 740, 127 S.E.2d 107 (1962). We also see no error in the district court's interpretation of the contract to exclude liability for joint ventures. The language of the contract is utterly unambiguous. "Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense." Fidelity and Casualty Co. v. Phelps, 64 F.2d 233 (4th Cir.1933). The district court's interpretation of the insurance contract was well within the language's "plain, ordinary and popular sense."
 
 
 7
 Finding no error in the proceedings below, we accordingly affirm the judgment of the district court.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The liability policy contained the following language:
 Insuring Agreements
 .............................................................................. ..
 II. Persons insured.
 .............................................................................. ..
 This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or a member and which is not designated in this policy as a named insured.
 Extension of Coverage
 III. Personal Injury Liability Coverage Extensions
 .............................................................................. ..
 B. This policy does not apply:
 .............................................................................. ..
 (5) to personal injury arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in the declarations of the policy as a named insured; ...
 
 
 [2]
 As an oilman, McClain had developed a method for the enhanced recovery of heavy crude oils from abandoned oil wells
 
 
 [3]
 Virginia Partners claimed that the district court should have applied Kentucky law because that is where the tort took place. This argument is patently meritless in light of Virginia Partners' admission in the pleadings that the insurance contract was entered into in Lee County, Virginia. In a contract dispute, the place where the contract was formed controls. Occidental Fire and Casualty v. Bankers and Shippers Ins. Co., 564 F.Supp. 1501 (W.D.Va.1983). The district court, therefore, correctly applied Virginia law
 
 
 [4]
 Appellants' last contention was not properly raised in the proceedings below. It is, therefore, not properly before us on appeal. United States v. One 1971 Mercedes Benz, 542 F.2d 912 (4th Cir.1976)