850 F.2d 690
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Catherine N. THOMAS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; U.S.
Marine Corps Club System; Commercial Union
Insurance Companies, Respondent.
 No. 87-1206.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 2, 1988.
Decided: June 21, 1988.
 
 Patrick M. Regan, Marc Fiedler, Koonz, McKenney & Johnson, on brief, for petitioner.
 George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Longshore; Michael S. Hertzig, U.S. Department of Labor, Office of the Solicitor, on brief, for respondent Benefits Review Board.
 Harris D. Butler, III, Midkiff & Associates, P.C., on brief, for respondents U.S. Marine Corps Club System and Commercial Union Insurance Companies.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Catherine N. Thomas petitions for review of the dismissal by the Benefits Review Board (Board) of her appeal from an order of an administrative law judge (ALJ) denying workers' compensation benefits. We affirm.
 
 I.
 
 2
 After suffering a work-related injury in September 1981, Thomas filed a claim for temporary total disability under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. Secs. 901, et seq. (West 1986), as extended by the Nonappropriated Fund Instrumentalities Act, 5 U.S.C.A. Secs. 8171, et seq. (West 1980). By order filed November 4, 1986 the ALJ denied her claim. Thomas filed a petition for reconsideration and a motion to accept filing out of time on November 19, 1986. The ALJ summarily denied the petition on December 16, 1986. Thomas filed with the Board on January 13, 1987 a notice of appeal from the order denying benefits. The Board dismissed the appeal as untimely on October 21, 1987.
 
 II.
 
 3
 A notice of appeal must be filed with the Board within 30 days after the ALJ's order is filed in the office of the deputy commissioner. 20 C.F.R. Sec. 802.205(a) (1987). However, a timely motion for reconsideration of an order of an ALJ or deputy commissioner suspends the running of the time for filing a notice of appeal. 20 C.F.R. Sec. 802.206(a) (July 1987) (formerly 20 C.F.R. Sec. 802.205A(a)). A motion for reconsideration is timely if filed within ten days of the date the order was filed in the office of the deputy commissioner. 20 C.F.R. Sec. 802.206(b)(1) (July 1987) (formerly 20 C.F.R. Sec. 802.205A(b)(1)).
 
 
 4
 There was some dispute about the filing date of the ALJ's initial order. Although the order was dated October 29, 1986, the certificate of service indicated that it was filed in the office of the deputy commissioner on October 23, 1986. Since it was not clocked-in and mailed to Thomas until November 4, 1986, the Board held that the time period began to run on that date. The motion for reconsideration was filed more than ten days later on November 19, 1986. Therefore, the Board held that it was untimely and did not suspend the time for filing the notice of appeal.
 
 
 5
 Thomas argues that the motion for reconsideration was timely under 29 C.F.R. Sec. 18.4(c)(3) (1987) which provides that:
 
 
 6
 Whenever a party has the right or is required to take some action within a prescribed period after the service of a pleading, notice, or other document upon said party, and the pleading, notice or document is served upon said party by mail, five (5) days shall be added to the prescribed period.
 
 
 7
 Since this issue was not raised below, we need not address it for the first time on appeal. General Dynamics Corp. v. Sacchetti, 681 F.2d 37, 40 (1st Cir.1982); see also United States v. One 1971 Mercedes Benz 2-Door Coupe, 542 F.2d 912, 915 (4th Cir.1976). In any event, section 18.4(c) does not apply to motions for reconsideration under section 802.206(b).
 
 
 8
 Section 18.4(c) is a rule of practice applicable to adjudicatory proceedings before an ALJ. 29 C.F.R. Sec. 18.1(a) (1987). The rules of practice before the Board, separately set forth at 20 C.F.R. Part 802, govern all procedures subsequent to issuance of the ALJ's final order. 20 C.F.R. Sec. 802.101(a) (1987). This includes motions for reconsideration. The five-day mail rule of 29 C.F.R. Sec. 18.4 cannot be applied to increase the ten-day filing period applicable to motions for reconsideration provided at 20 C.F.R. Sec. 802.206.
 
 
 9
 AFFIRMED.