851 F.2d 356
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Maxie L. JEFFCOAT, Jr.; Elizabeth Jeffcoat, Plaintiffs-Appellees,
v.
B.W. HINSON, individually and as a representative of the
City of Columbia Police Department, Defendant-Appellant.
 No. 87-1733.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 3, 1988.
Decided: July 11, 1988.
 
 Joseph C. Coleman, for appellant.
 Bart W. Fordham, Jr., for appellees.
 Before K.K. HALL and WILKINSON, Circuit Judges, and EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 B.W. Hinson, a Columbia, South Carolina, police officer, appeals the district court's grant of directed verdict against him in a 42 U.S.C. Sec. 1983 action. Because the district court did not err in finding that Hinson's unauthorized entry into appellees' house violated their fourth amendment right against unreasonable searches and seizures, we affirm.
 
 
 2
 On May 11, 1986, at approximately 11:30 p.m., appellant was patrolling in an unmarked car on a burglary detail when he received a radio call to the effect that a "large car" was racing up and down South Maple Street.[1] Shortly thereafter, Hinson saw a 1974 Cadillac, driven by Maxie Jeffcoat, turn onto Rosewood Drive from South Maple and followed it for approximately six blocks from a distance of one block away. Hinson subsequently testified that Jeffcoat's vehicle did not attempt to evade him, that he did not see the vehicle speeding, nor did he see any other laws being broken. Hinson radioed for assistance from two other units on the burglary detail, both of whom were driving regular marked police vehicles.
 
 
 3
 Upon arriving at his home, Jeffcoat backed into his driveway, exited his vehicle, and began to walk toward the rear of his home. At this point, Hinson stopped his car in the middle of the street, and approached Jeffcoat. The facts are in dispute about what happened next. Hinson testified that he approached Jeffcoat and requested his driver's license and registration, at which time Jeffcoat began to run. He also testified that the other officers had arrived by this time and had seen him talking to Jeffcoat. Hinson maintained that he followed Jeffcoat to his house, prevented him from closing the door, and entered the house directly behind him. The other two officers then entered. Hinson then placed his hand on Jeffcoat and asked that he accompany him outside.
 
 
 4
 Jeffcoat testified that he saw someone jump out of a car and run toward him. He then ran to his house, entered, and locked the door. He stated that Hinson kicked in the door and followed him into his house and bedroom, where his wife was reclining in the nude.[2] At the time Hinson entered the house, Jeffcoat recognized that he was a police officer. Jeffcoat also stated that Hinson twisted his arms behind his back and forced him out of the house.
 
 
 5
 After exiting the house, Jeffcoat produced his driver's license and registration. Upon finding that the vehicle was neither licensed nor insured, Hinson issued two citations, for an unlicensed, uninsured automobile, after which the police officers left.
 
 
 6
 Mr. and Mrs. Jeffcoat brought suit in district court against Hinson under 42 U.S.C. Sec. 1983, alleging that his entry was a violation of their fourth amendment rights. At the close of evidence, the trial judge granted the Jeffcoats' motion for directed verdict.[3]
 
 
 7
 Finding it unnecessary to resolve the factual dispute, the district court held that if Hinson effected an arrest of Jeffcoat, there was no probable cause for that arrest. The court further concluded that if there were no arrest, Hinson was without authority to enter Jeffcoat's house and detain him. In either event the court found a violation of appellees' rights under the fourth amendment. We agree.
 
 
 8
 In Welsh v. Wisconsin, 466 U.S. 740 (1984), the Supreme Court held that a warrantless, nighttime entry of the petitioner's home to arrest him for a civil, non-jailable traffic offense violated the fourth amendment. The Court also held that the application of the exigent circumstances exception to the warrantless home entry should rarely be sanctioned when there is probable cause to believe only a minor offense has been committed. In this instance, appellant not only failed to show any exigent circumstances which might have made his entry lawful, he failed to demonstrate probable cause to believe that there was ever an offense committed. We therefore find no error in the grant of a directed verdict in favor of Jeffcoat[4] and affirm for the reasons expressed by the district court. Jeffcoat v. Hinson, C/A No. 3:87-19-16, (D.S.C. Nov. 5, 1987).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This street is parallel to and six blocks from South Edisto Street, which is the street on which appellees lived at the time of these events
 
 
 [2]
 The police officers all testified that Mrs. Jeffcoat was clothed when they saw her
 
 
 [3]
 By agreement of counsel, the jury was dismissed and damages and attorney fees were determined by the trial court. This portion of the judgment was not appealed
 
 
 [4]
 We find Hinson's belated argument that he is entitled to qualified immunity to be without merit. Hinson failed to plead this defense to the lower court and the district court did not address this issue. If an issue has not been raised in the district court, review of that issue is barred absent exceptional circumstances. United States v. One 1971 Mercedes-Benz, 542 F.2d 912 (4th Cir.1976). We find no exceptional circumstances in this case