854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark TURNER, IV, Defendant-Appellant.
 No. 88-5010.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1988.
Decided Aug. 4, 1988.
 
 Marvin David Miller for appellant.
 Robert L. Cunningham, Special Assistant, United States Attorney, (Henry E. Hudson, United States Attorney, on brief) for appellee.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mark Turner appeals his conviction of making a false statement to a Deputy United States Marshal in violation of 18 U.S.C.A. Sec. 1001 (West 1976). We affirm.
 
 
 2
 In late July 1987 while in the course of an investigation of a fugitive, Deputy United States Marshals were led to Turner's residence. When asked by the deputy marshals if he had seen the fugitive, Turner stated that he had not seen him since January. On August 17, 1987, the fugitive was apprehended when exiting from a hotel elevator in the company of Turner. Turner was indicted and tried on several counts: (1) assisting a fugitive in order to prevent his apprehension and punishment in violation of 18 U.S.C.A. Sec. 3 (West 1969 & Supp.1988); (2) harboring and concealing a fugitive in violation of 18 U.S.C.A. Sec. 1071 (West 1976); and (3) making a false statement to a Deputy United States Marshal in violation of 18 U.S.C.A. Sec. 1001. The court dismissed the count alleging a violation of 18 U.S.C.A. Sec. 1071 and the jury acquitted Turner of the charge under 18 U.S.C.A. Sec. 3. However, Turner was found guilty of violating section 1001.
 
 
 3
 Though he concedes that the statement he made to the deputy marshals was false, Turner contends that he was improperly convicted because his response to the deputy marshals constituted an "exculpatory no." This doctrine was first recognized in United States v. Stark, 131 F.Supp. 190 (D.Md.1955), and has been recently adopted by this circuit in United States v. Coqdell, 844 F.2d 179 (4th Cir.1988). Whatever the merits of Turner's contention on this issue, we refuse to address it because it was not properly raised before the district court. United States v. One 1971 Mercedes Benz 2-Door Coupe, 542 F.2d 912, 915 (4th Cir.1976). Turner's remaining assertion of error is without merit and does not warrant discussion.
 
 
 4
 AFFIRMED.