875 F.2d 317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kerry Lee MARBURY, Defendant-Appellant.
 No. 88-7614.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1989.
Decided May 9, 1989.
 
 Harry A. Smith, III for appellant.
 Robert H. McWilliams, Assistant United States Attorney (William A. Kolibash, United States Attorney on brief) for appellee.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and WILLIAMS, United States District Judge for Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Kerry Lee Marbury appeals the district court revocation of his probation. We affirm.
 
 I.
 
 2
 After pleading guilty to perjury in 1984, Marbury was sentenced to five years in prison. The court suspended the sentence and placed him on probation for five years. The court imposed several conditions of probation, including ordering Marbury to (1) obey all laws; (2) obey all rules and regulations of the probation officer; (3) reimburse the government for his court-appointed attorney's fees; (4) notify his probation officer of all address changes; and (5) request permission for any travel outside of the Northern District of West Virginia. These rules and other conditions were provided to Marbury and he signed a form acknowledging his understanding and consent.
 
 
 3
 On December 9, 1987 a petition for probation action was filed charging Marbury with violations of his probation. Marbury was located later that month in New Jersey, where state law enforcement officers had arrested him on drug-related charges. After Marbury was transferred from state to federal custody on January 8, 1988, he appeared before a United States magistrate in New Jersey for a hearing under Federal Rule of Criminal Procedure 40, at which time he was denied bond because he was considered a flight risk. After 30 days of detention at the Metropolitan Correctional Center in New York City, Marbury was returned to West Virginia. On February 16, 1988 a preliminary revocation hearing was held before a magistrate, who determined that probable cause existed to hold Marbury pending the probation revocation hearing. A final revocation hearing was held on March 30, 1988 and Marbury's probation was revoked.
 
 II.
 
 4
 Marbury contends that he was denied a prompt preliminary revocation hearing as contemplated by Federal Rule of Criminal Procedure 32.1(a)(1). This rule provides in pertinent part:
 
 
 5
 Whenever a probationer is held in custody on the ground that the probationer has violated a condition of probation, the probationer shall be afforded a prompt hearing before any judge, or a United States magistrate who has been given authority pursuant to 28 U.S.C. Sec. 636 to conduct such hearings, in order to determine whether there is probable cause to hold the probationer for a revocation hearing.
 
 
 6
 Here, approximately 39 days elapsed from the date Marbury was transferred to federal custody until the date of his preliminary hearing. During this period, Marbury appeared before a United States magistrate in New Jersey for a Rule 40 hearing.
 
 
 7
 Marbury raises this issue for the first time on appeal. Generally, the failure to raise an issue before the district court forecloses review by this court, United States v. One 1971 Mercedes Benz 2-Door Coupe, 542 F.2d 912, 915 (4th Cir.1976), and we find no reason in the record to justify an exception.
 
 III.
 
 8
 Marbury also challenges the decision of the district court to revoke his probation. Although he concedes that his actions violated the terms of his probation in several respects, he contends that the violations were merely "technical" and resulted primarily from his inability to find employment in West Virginia. The ultimate decision on whether to revoke an individual's probation for violation of the terms of his agreement rests within the discretion of the district court. Black v. Romano, 471 U.S. 606, 611 (1985). Finding no abuse of discretion, we affirm.
 
 
 9
 AFFIRMED.