885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tom QUINSKY, Defendant-Appellant.
 No. 88-5572.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 11, 1989.
Decided Sept. 18, 1989.
 
 Robert S. Cahoon, Cahoon & Swisher on brief for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Becky M. Strickland, Paralegal Specialist on brief for appellee.
 Before HARRISON L. WINTER, DONALD RUSSELL, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Tom Quinsky appeals from the conviction entered on his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. Secs. 841(b)(1)(B), 846, and one count of interstate travel to aid an unlawful activity involving controlled substances, 18 U.S.C. Sec. 1952(a)(3). Appellant's sole contention is that the Federal Sentencing Guidelines should not have been used in determining the sentence on the conspiracy count. Finding this contention without merit, we affirm.
 
 I.
 
 2
 The factual basis presented to the district court to support Quinsky's plea established that on October 31, 1987, he travelled from Florida to Greensboro, North Carolina, to deliver approximately 1 1/2 kilograms of cocaine to a co-conspirator. The cocaine was delivered that day, and Quinsky was to be paid the next day. However, on November 1, before receiving payment, he was arrested.
 
 
 3
 On November 30, 1987, Quinsky and two co-conspirators were indicted in a five-count indictment. All of the counts arose from the single transaction and Quinsky was charged in four of the five counts. On January 27, 1988, he entered into the written plea agreement which is the basis of his convictions. Appellant was sentenced under the Guidelines on the conspiracy count and received 97 months. He received a pre-Guidelines concurrent sentence on the travel count of five years.[1] This appeal followed.
 
 II.
 
 4
 Quinsky does not challenge the computation of his sentence under the Guidelines. His position is that the Guidelines should not have been applied to him because the conspiracy was consummated on October 31, 1987, the day before the Guidelines became effective. This argument is without merit.
 
 
 5
 As we have repeatedly held, once a criminal conspiracy is established, it is presumed to continue until its termination is affirmatively shown. United States v. Urbanik, 801 F.2d 692, 696-97 (4th Cir.1986); United States v. Portsmouth Paving Corp., 694 F.2d 312, 318-19 (4th Cir.1982); Joyner v. United States, 547 F.2d 1199, 1203 (4th Cir.1977). Here, appellant admits the existence of the conspiracy and has offered no evidence that it was to end before he was to be paid for the cocaine. His contention to the contrary, i.e., that payment for the cocaine was not a part of the conspiracy to distribute that cocaine, is meritless. We agree with the trial court that the conspiracy was not completed before the date of payment, November 1, 1987, which also is the effective date of the Guidelines.[2]
 
 
 6
 Accordingly, the Guidelines sentence imposed by the district court on the conspiracy count was entirely appropriate and is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Quinsky received a pre-Guidelines sentence on this count because his interstate travel occurred on October 31, 1987, the day before the Guidelines became effective
 
 
 [2]
 Appellant also argues that the Guidelines did not take effect until after November 1, 1987. Because he did not raise this argument below, we decline to address it on appeal. U.S. v. Mebane, 839 F.2d 230, 232 (4th Cir.1988), citing United States v. One 1971 Mercedes Benz, 2-Door Coupe, 542 F.2d 912, 915 (4th Cir.1976)