894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mike OOTEN, Jr., and his wife; Marjorie Ooten, Plaintiffs-Appellants,
v.
BUCYRUS ERIE, INC., a Wisconsin Corporation; formerly known
as Becor Western, Inc., Defendant-Appellee.
 No. 89-1422.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 2, 1989.
Decided: Dec. 14, 1989.
 
 Joseph C. Garland; John R. Mitchell, Sr., for appellants.
 Richard Edwin Rowe (Robert Q. Sayre, Jr., Goodwin & Goodwin, on brief), for appellee.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case comes before the court on an appeal from a grant of summary judgment in favor of the defendant in the proceedings in the court below. While much time is spent in the briefs of the parties concerning what facts the evidence disclosed, and the inferences to be drawn from those facts, the key matter for this court to consider is whether the court below properly granted the defendant's motion for summary judgment.
 
 
 2
 The defendant below filed a motion for summary judgment on September 2, 1988, a renewed motion for summary judgment on November 1, 1988, and a second supplemental renewed motion for summary judgment on November 18, 1988. All of these were amply supported by appropriate references to affidavits and evidence elicited in discovery. To no one of these motions did the plaintiffs below respond. Finally, on December 12, 1988, a day or so before a pre-trial conference was to be held in the case, the district court granted the defendant's motion for summary judgment. The plaintiffs below then filed a motion on December 22, 1988, to set aside the grant of summary judgment. When this was denied, on January 17, 1989, this appeal resulted.
 
 
 3
 The plaintiffs below assert that a theory of agency would have imposed vicarious liability on Bucyrus Erie, because of the manner in which repairs to a certain mining shovel had been undertaken. They argue that the grant of summary judgment was improper because this theory should have been allowed to go to the jury.
 
 
 4
 This theory of possible recovery was not advanced by the plaintiffs in the trial court until after the motion for summary judgment in favor of the defendant had been granted. The record, as disclosed in the joint appendix and the supplemental joint appendix, and in references in the briefs, discloses that the defendant, in its memorandum in support of its first motion for summary judgment, in fact denied that an agency relationship existed, and supported that denial with references to the affidavits and other papers before the district court.
 
 
 5
 The plaintiffs' failure to respond to any of the motions for summary judgment led the district court below properly to conclude that the defendant's denial of any agency relationship, supported by the affidavits and the other references furnished it, removed agency as an issue before the court at the time it ruled on the motion. It was not until they filed the motion to set aside the summary judgment on December 22, 1988, that the plaintiffs first raised the issue of agency before the district court.
 
 
 6
 The plaintiffs moved for leave to file an amended complaint on November 17, 1988, seeking to add the company which did the actual repair work as a party defendant. However, in the proposed amended complaint, the plaintiffs did not allege that the repairing company was the agent of the defendant, Bucyrus Erie. This motion for leave to file an amended complaint was denied by the district court at the same time it granted the motion for summary judgment, on December 12, 1988. As indicated, no allegation of agency had come into the case until after the motion for summary judgment had been granted, when plaintiffs filed a motion to have the denial of leave to file an amended complaint set aside.
 
 
 7
 While this case might well be decided on the basis of the general rule in the Fourth Circuit to the effect that questions not raised and properly preserved in the trial forum will not be considered on appeal, absent exceptional circumstances, United States v. One 1971 Mercedes Benz, 542 F.2d 912 (4th Cir.1976), the court does not reach this point. A careful inspection of the joint appendix and the supplemental joint appendix discloses that the matters before the court at the time it acted on the motion for summary judgment clearly supported and justified the action it took in granting that motion. Had the plaintiff sought to advance the agency theory in any way, that theory could, and should, have been advanced, at the latest, by way of response to one or more of the motions for summary judgment filed by the defendant.
 
 
 8
 There is some considerable argument in the brief of the plaintiffs below that they could not advance the agency theory because they had been unable to depose a certain employee of the repairing company due to the illness of that employee, over a period from August 31, 1988, to December 22, 1988. Inspection of the joint appendix indicates, however, that the defendants were able to obtain an affidavit from the particular employee on September 1, 1988, and that the particular employee had returned to work some three weeks before December 22, 1988, so that such a deposition, if desired, could have been taken, at the very least, in the time between the employee's return to work and the actual date the deposition was taken on December 22, 1988. Moreover, after the deposition had been taken, it was in no way referred to in the various motions filed by the plaintiffs to set aside the denial of their motion to amend the complaint, or in the motion to set aside the summary judgment previously entered. It must be assumed that the deposition of the particular employee did not support the plaintiff's agency argument, because it would have been vigorously advanced in those particular motions had the testimony supported the agency contentions of the plaintiffs.
 
 
 9
 In their brief, the plaintiffs advance various points which they maintain would have supported their argument for agency, even without the testimony of the employee referred to, supra. The joint appendix reveals with some clarity that these assertions did not support an argument for agency.
 
 
 10
 There are two additional arguments which engaged much attention of the parties in their respective briefs. One of these is the contention that the notice of appeal was not timely filed as to the action of the court in granting summary judgment. The other is the motion of the defendant for sanctions.
 
 
 11
 As to the first motion, in light of the ultimate disposition of this case, it is not necessary for the court to discuss the matter of the timeliness of the appeal. Similarly, while certain of the representations made by the plaintiffs in their brief and in their reply brief are of questionable nature, the court does not feel that sanctions in this court are justified. A motion for sanctions is still pending in the district court below.
 
 
 12
 Upon careful consideration of the briefs, the record, and the arguments advanced, the judgment of the court below is affirmed and the matter is remanded to the United States District Court for such action as it may consider appropriate in relation to the motion for sanctions below.
 
 
 13
 AFFIRMED AND REMANDED.