966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Charles David PARAMORE, Defendant-Appellant.
 No. 91-6630.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 10, 1992
Decided: June 10, 1992
 
 Harold J. Bender, Bender & Matus, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Carl Horn, III, Chief Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Before RUSSELL, HALL, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles David Paramore appeals the district court's order granting summary judgment against him on his motion made pursuant to 28 U.S.C. § 2255 (1988). He entered pleas pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to conspiring to defraud the United States Postal Service in violation of 18 U.S.C.s 371 (1988), and to three counts of soliciting a bribe by a public official in violation of 18 U.S.C. § 201(b) (1988). He did not appeal his convictions but brought a § 2255 motion, by counsel, alleging that his pleas were entered involuntarily and unintelligently and that he received ineffective assistance of counsel. The magistrate judge recommended that summary judgment be granted to the government and the district court adopted that recommendation after de novo review. We affirm.
 
 
 2
 Paramore was a Real Estate Specialist with the Postal Service whose job it was to find locations for new satellite post offices. Mr. Gainey, of Gainey Construction Company, reported to postal inspectors that from 1986 through 1989 he had made approximately sixteen payments to Paramore in exchange for obtaining construction contracts from the Postal Service. Postal inspectors observed Paramore accept a $5000 payment from Gainey at a construction site. Shortly thereafter, they arrested Paramore.
 
 
 3
 Paramore was indicted on one count of conspiracy and seventeen counts of receiving bribes. Paramore entered into a plea agreement with the government to plead guilty to four counts and to have the remainder of the charges dismissed. As part of the plea agreement, Paramore stipulated that the profits on the contracts involved in the bribery scheme totalled between $200,000 and $500,000. Paramore also agreed that under the sentencing guidelines, the seventeen individual bribes would be treated as multiple payments on eight different bribes. The parties also stipulated that Paramore's sentence on the three guideline counts would be forty-six months and that his sentence on the one non-guideline count would be eleven years to run concurrently with the forty-six months. The district court sentenced Paramore in accord with the plea agreement.
 
 
 4
 During the plea hearing, Paramore answered the standard Fed. R. Crim. P. 11 questions asserting that he was entering the pleas knowingly and voluntarily and with an understanding of them and the provisions of his plea agreement. Paramore filed a Fed. R. Crim. P. 35 motion on his non-guideline sentence prior to thiss 2255 motion. The district court reduced his non-guideline sentence to a period not to exceed the forty-six month guideline sentence.
 
 
 5
 On appeal, Paramore contends that the district court at trial erred by accepting the stipulation in his plea agreement that the profits made on the contracts involved in the bribery scheme were more than $200,000 but less than $500,000. He argues that there was no evidence presented to support the amount of stipulated profits in violation of the Sentencing Guidelines. This claim was raised below as a basis for Paramore's claim that his pleas were entered involuntarily and unintelligently and not as an independent claim as he raises the claim on appeal. Paramore does not contend on appeal that the district court's conclusion that his pleas were entered voluntarily and knowingly is erroneous. Therefore, to grant relief on this independent claim, this Court would have to consider the claim even though it was not raised below.
 
 
 6
 Ordinarily, we do not address claims not raised below, absent exceptional circumstances. See United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir. 1976). We find no exceptional circumstances present in this case. The Rule 11 hearing transcript shows that Paramore entered his pleas voluntarily and intelligently. See Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir. 1981). Paramore has offered no evidence showing that the amount of profits stipulated to is more than the actual amount of profits. Under these circumstances, we decline to review the claim on an independent basis.
 
 
 7
 Paramore also contends on appeal that the trial court erred in failing to consider the payments to him as part of a single bribe rather than as eight separate bribes under the guidelines and in applying United States Sentencing Commission, Guidelines Manual, § 3D1.4 (Oct. 1988). This claim is in the same posture as his first claim. It was raised below only as a basis for his claim that he entered his pleas involuntarily and unintelligently. We find no exceptional circumstances warranting a review of this claim.[1]
 
 
 8
 Paramore also presents two claims of ineffective assistance of counsel on appeal. He contends that his trial counsel rendered in effective assistance by waiving the preparation of his presentence report and by stipulating to the amount of profits in his plea agreement. He failed to raise either of these two claims below as ineffective assistance of counsel claims. Both claims were raised only as bases for his claim that he entered involuntary pleas. Again, addressing these claims as he raises them on appeal requires a showing of exceptional circumstances. See One 1971 Mercedes Benz, 542 F.2d at 915. A review of the merits of these claims fails to reveal any exceptional circumstances. Therefore, we decline to grant review.
 
 
 9
 Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[2]
 
 AFFIRMED
 
 
 [1]
 We note that Paramore has also waived appellate review on his two guideline claims by seeking to raise them for the first time in a § 2255 motion and not on direct appeal. United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989)
 
 
 [2]
 The government's motion for a decision on the briefs is granted