976 F.2d 727
 15 Employee Benefits Cas. 2638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence PAYNE, III, Plaintiff-Appellant,
v.
BLUE CROSS & BLUE SHIELD of Virginia, Defendant-Appellee.
 No. 91-2583.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 23, 1991
Decided: September 24, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-91-156-R)
 Janipher W. Robinson, Richmond, Virginia, for Appellant.
 Donald W. Lemons, Andrew J. Reinhardt, Joseph B. Benedetti, Durrette, Irvin, Lemons & Fenderson, P.C., Richmond, Virginia, for Appellee.
 Before HALL, WILKINSON, and NIEMEYER, Circuit Judges.
 E.D.Va.
 AFFIRMED.
 PER CURIAM:
 
 
 1
 Clarence Payne, III appeals from the district court's grant of summary judgment to the Defendant, Blue Cross and Blue Shield of Virginia (BCBS), in this action under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A.s 1132 (West 1985 & Supp. 1991), for insurance benefits under a BCBS policy held by Payne through his employer, Planter's Life Savers, Inc. The district court determined that Payne's complaint was time barred by a twelve-month period of limitation on filing contained in the policy. Payne contends on appeal that the contractual limitation period is unenforceable; that the trial court erred in failing to differentiate between an insurance policy and a health care insurance plan in determining the applicable period of limitation; that the contractual limitation is void because it was not printed in eight-point type as required by statute; and that the trial court erred in concluding that this cause of action accrued in January 1990 when Payne received written notice of BCBS's denial of benefits on appeal, rather than in March 1991 at the conclusion of informal negotiations initiated by Payne. After reviewing the parties' formal briefs and the record, we affirm.
 
 I.
 
 2
 The insurance policy here at issue allows covered employees to maintain health care coverage for dependents, and includes coverage for psychiatric treatment and treatment for substance abuse. It also contains the following time limitation:
 
 
 3
 LIMITATION OF ACTION. No action at law or suit in equity may be brought against the plan more than twelve (12) months after the date on which the cause of action accrued with respect to any matter relating to: this Contract; the Plan's performance under this Contract; or any statement made by employees, officers or directors of the Plan concerning the contract or the benefits available to a Member.
 
 
 4
 In October 1985, Payne's son, Romeo, was admitted to the hospital on the recommendation of his physician for treatment in connection with substance abuse and extreme depression. He remained hospitalized for nearly one month. The physician unsuccessfully attempted to obtain pre-certification for Romeo's hospitalization from BCBS. That denial was appealed in late October. By letter dated January 10, 1990, BCBS notified Payne that the appeal process was completed and that benefits were again denied. More than one year later, in March 1991, Payne's attorney once again discussed coverage with BCBS and counsel for the hospital during an informal telephone conversation initiated by Payne. At the conclusion of that conversation, BCBS agreed to cover two additional days of hospitalization but denied any additional coverage.
 
 
 5
 Payne then filed a civil complaint in state court in March 1991 alleging breach of the insurance policy by BCBS. The case was removed to federal court and Payne amended his complaint to state an ERISA action. BCBS moved for summary judgment and dismissal, asserting in part that the twelve-month contractual limitation period contained in the policy barred Payne's action. The district court agreed after finding that Payne's cause of action accrued on the date he received notice that the appeals process was completed and that BCBS had denied his request for benefits on appeal.
 
 II.
 
 6
 We review the district court's grant of summary judgment de novo. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir. 1987). Summary judgment is only appropriate if there are no genuine issues of material fact and, viewing the facts in the light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (in banc), cert. denied, 59 U.S.L.W. 3564 (U.S. 1991).
 
 
 7
 A federal court must look to the most analogous state statute of limitations in which the federal court sits to determine the appropriate filing deadline for ERISA actions. See Board of Regents v. Tomanio, 446 U.S. 478, 483-84 (1980); Miles v. New York State Teamsters Conference, 698 F.2d 593, 598 (2d Cir.), cert. denied, 464 U.S. 829 (1983). That section of the Virginia Code which addresses the enforceability of contractual limitations in the insurance contract context, Va. Code Ann. § 38.2-314 (Michie 1990 Repl. Vol.), would appear to be the most closely related Virginia statute in this case. That section provides that insurance policies limiting the time within which to bring an action to a period of less than one year are invalid. The district court inferred from this language that the limitations period here in question was valid, inasmuch as it does not limit the period of filing to less than one year.
 
 
 8
 Payne contends that the statutory five-year limitations period applicable to contracts under Virginia law should apply rather than section 38.2-314. Payne has offered no legal authority for this position, however, and we are aware of none. We thus affirm the district court's conclusion that this contractual limitation period is valid and enforceable.
 
 
 9
 Payne raises two additional arguments on appeal concerning the enforceability of the policy's limitation period. He first asserts that the policy here at issue is not an insurance policy but a health care service plan falling outside the purview of section 38.2-314, and also argues that the limitations clause of the policy is invalid because it is not printed in eight-point type as required by Va. Code Ann. § 38.2311. Payne did not raise these issues before the district court. We therefore decline to consider these issues on appeal, as no showing of exceptional circumstances has been made. See United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir. 1976); United States v. Chesapeake & O. Ry., 215 F.2d 213, 216 (4th Cir. 1954).
 
 III.
 
 10
 Payne next challenges the district court's conclusion that this cause of action accrued in January 1990 when Payne received written notice that his request for benefits was denied and that the appeals process was complete. It is well established that an ERISA cause of action accrues when there has been a denial of asserted rights which is made clear to the beneficiary. Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72 (4th Cir.), cert. denied, 493 U.S. 872 (1989); see also Miles, 698 F.2d at 598; Reiherzer v. Shannon, 581 F.2d 1266, 1272 (7th Cir. 1978). Payne does not disagree, but contends that the fact of later informal negotiations caused the accrual clock to begin running anew in March 1991, at the conclusion of those informal negotiations.
 
 
 11
 We disagree. The period for filing had already lapsed at the time Payne's attorney initiated informal negotiations. In any event, an ERISA plaintiff may not renew stale claims simply by obtaining reconsideration of a final decision, e.g., Dameron v. Sinai Hosp., 595 F. Supp. 1404, 1414-15 (D. Md. 1984), rev'd in part on other grounds, 815 F.2d 975 (4th Cir. 1987); Morgan v. Laborers Pension Trust Fund, 433 F. Supp. 518, 525 (N.D. Cal. 1977), for allowing renewal in such circumstances would have the effect of discouraging informal review. Dameron, 595 F. Supp. at 1414-15. The district court correctly concluded that Payne's cause of action accrued in January 1990.
 
 
 12
 We affirm the district court's grant of summary judgment to the Defendant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED