**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

152 CHAR-NOR MANOR BOULEVARD,
CHESTERTOWN, MARYLAND,WITH ALL
BUILDINGS, APPURTENANCES AND                    No. 96-1668
IMPROVEMENTS THEREON,
Defendant-Appellant,

and

BONNIE SUE MILLER,
Claimant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-95-1507-L)

Submitted: May 29, 1997

Decided: June 11, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Donald Braden, FOSTER, BRADEN & THOMPSON, Stevens-
ville, Maryland, for Appellant. Lynne A. Battaglia, United States

Attorney, Richard C. Kay, Assistant United States Attorney, Balti-more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bonnie Sue Miller appeals the district court's order granting sum-mary judgment in favor of the Government and ordering Miller's property forfeited pursuant to 21 U.S.C. § 881(a)(7) (1994). The Gov-ernment sought an order forfeiting Miller's property after she and her live-in boyfriend were arrested following the execution of a search warrant. That search revealed an extensive operation for the cultiva-tion of marijuana in and around Miller's residence and out-buildings. The district court found probable cause to support the forfeiture and no merit to any of Miller's asserted defenses. It is from that holding that Miller appeals.

Miller first contends that the forfeiture of her home and property violated the Eighth Amendment prohibition against excessive fines. Specifically, Miller challenges the district court's analysis of the sec-ond step of the instrumentality test set forth by this court in United States v. Chandler, 36 F.3d 358, 365 (4th Cir. 1994).[1] Miller urges this court to find that because her culpability was minimal, the forfei-ture of the home was excessive. We decline to do so.

_____

[1] To the extent that Miller argues that Chandler was exclusively a case concerning forfeiture of drug proceeds under § 881(a)(6) and therefore inapplicable to forfeitures under § 881(a)(7), she is simply mistaken. The vast majority of the property forfeited in that case was inherited by Chan-dler, and therefore cannot be described as proceeds of his illegal activi-ties. Chandler, 36 F.3d at 360. As a result, we conclude that the district court's application of the instrumentalities test of Chandler was entirely appropriate in this § 881(a)(7) forfeiture.

2

In this case, as in <u>Chandler</u>, "it can hardly be argued that [s]he was not culpable." <u>Id.</u> at 366. Miller plead guilty to possession of marijuana. Although there is evidence she resisted at first, she eventually acquiesced to extensive illegal activity on her property, in her shed, in her garage, and in her home. Contrary to Miller's assertion on appeal that her culpability is "limited to the fact that she knew her boyfriend was growing marijuana," Miller ultimately provided the location in which her boyfriend was able to grow, reproduce, process, and record the inventory of his sizable marijuana operation. Without Miller's land and buildings there would have been no cultivation of marijuana. The district court did not err in concluding that Miller's role and culpability with regard to the offense was sufficient to satisfy the second inquiry of <u>Chandler</u>'s instrumentality test.

Miller also suggests that the district court erred by improperly considering facts and inferences in favor of the government in its motion for summary judgment. <u>See Miller v. Federal Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). In support of this contention, Miller specifically notes that the district court found that the marijuana cultivation was not an incidental use of the premises, that the property was not severable, and that she was culpable. Even assuming for Miller's benefit that they are factual inferences and not conclusions of law, the district court did not err.

In this case, there are no material facts in dispute. As a result, there are no inferences to be drawn in favor of one party or another. With respect to the use of the property, the inquiry is as of the time of the illegal activity, not as a fraction of the history of the use of the land in issue. The same is true of Miller's arithmetic division of the land. Because it was undisputed that Miller's boyfriend used the yard, the shed, the garage, and the house in his marijuana operation, the district court did not fail to draw an inference in her favor by determining the entire property was used illegally. Finally, for the reasons discussed above, the district court relied only on undisputed facts in concluding that Miller was culpable regarding the cultivation of marijuana. Consequently, we find no cause to disturb the district court's conclusions.[2]

_____

[2] The Government contends that Miller waived her suggestion on appeal that the forfeiture violated the Eighth Amendment's prohibition

3

Finding no merit to any of Miller's assignments of error, we affirm the district court's order granting the Government's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

_____

against cruel and unusual punishment because it was not presented to the district court. See United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir. 1976). Even assuming that Miller properly raised the issue, an assumption not borne out by the joint appendix, see Fed. R. App. P. 30(a); Local Rule 30(c), Miller's argument is without merit. Because forfeiture under § 881 is civil and remedial in nature, it is not cruel and unusual punishment violative of the Eighth Amendment. United States v. Santoro, 866 F2d. 1538, 1544 (4th Cir. 1989). Moreover, Miller's argument consists solely of an invitation to conduct a proportionality analysis, a course of action we expressedly rejected in Chandler, 36 F.3d at 365-66.

4